

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DARYUSH VALIZADEH, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 3:16-03098-MGL |
| § | |
| JANE DOE a/k/a "Susan" and § | |
| JOHN AND JANE DOES 2-10, § | |
| all whose true names are unknown, § | |
| § | |
| Defendants. § | |
| § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL**

## I.   INTRODUCTION

This is a defamation case in which Plaintiff alleges third-party subpoena recipient Jane S. Gari (Gari) posted a story (the Story) on her website wrongfully accusing Plaintiff of raping Defendant Jane Doe a/k/a "Susan" (Susan). The Court has jurisdiction over this matter under 28 U.S.C. § 1332.

Pending before the Court is Plaintiff's Motion to Disqualify (Motion to Disqualify) Gari's counsel, Wallace Lightsey (Lightsey) and the Wyche Law Firm (Wyche). Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Plaintiff's Motion to Disqualify will be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

This case arises out of Gari's posting of the Story on her website. Plaintiff maintains the accusation he raped Susan is false. Plaintiff has asserted claims against Susan and John and Jane Does 2-10 for defamation and false light in connection with the Story. ECF No. 1.

Plaintiff's prior counsel, Marc Randazza, wrote a letter to Gari on or about February 16, 2016, threatening Plaintiff would file suit against her if she failed to retract the Story within seven days. ECF No. 14-1. Gari contacted Lightsey regarding this matter on June 17, 2016. ECF No. 22 at 3. Lightsey agreed Wyche would represent Gari in this case on a pro bono basis. Gari signed and returned a formal engagement letter to Lightsey on June 27, 2016. *Id.*

On July 7, 2016, Plaintiff's attorney Jay Wolman (Wolman) called and left a voicemail for Wyche attorney Tally Parham Casey (Casey) about a possible engagement in a case. *Id.* at 3-4; ECF No. 14 at 3. Wolman and Casey discussed the possibility of Wyche's serving as local counsel for Plaintiff in this matter in a telephone conference on July 11, 2016. ECF No. 14 at 3-4; ECF No. 22 at 4. Wolman subsequently emailed Casey on July 11, 2016, and provided Plaintiff's and Gari's names "[f]or conflict purposes" and requested a fee agreement "[i]f there is no conflict." ECF No. 14-7. Casey responded on that same day with applicable hourly rates and stated, "I hope we get the opportunity to work together." *Id.* On July 12, 2016, however, Casey sent Wolman an email stating, "I'm afraid we have a conflict and will not be able to assist you with this matter." ECF No. 14-8.

Plaintiff originally filed this action in South Dakota, but he voluntarily dismissed it. ECF No. 14-6, ¶ 4; ECF No. 22-4, ¶ 5. Plaintiff filed his Complaint with this Court on September 13, 2016. ECF No. 1.

2

On September 15, 2016, Plaintiff filed an Ex Parte Motion for Leave to Take Early Discovery (Ex Parte Motion) in which he sought permission to serve subpoenas on certain individuals, including Gari, who Plaintiff believed had information that would allow him to identify the Doe Defendants. ECF No. 5. The Court issued an Ex Parte Order granting the Ex Parte Motion on October 26, 2016. ECF No. 9.

After Plaintiff served a subpoena on Gari, Lightsey filed a Motion to Quash Subpoena, Vacate Ex Parte Order, and Reopen Record on Plaintiff's Motion for Early Discovery on December 2, 2016. ECF No. 10. Plaintiff filed his Motion to Disqualify on December 8, 2016. ECF No. 14. On December 14, 2016, Gari filed a response in opposition to Plaintiff's Motion to Disqualify, ECF No. 22, and Plaintiff filed a reply on December 20, 2016, ECF No. 27. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of Plaintiff's Motion to Disqualify.

### III.   STANDARD OF REVIEW

"The drastic nature of disqualification requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel; and that they always remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 146 (4th Cir. 1992) (citing *Woods v. Covington Cty. Bank*, 537 F.2d 804, 813 (5th Cir. 1976)). The disqualification of a party's chosen counsel is a serious matter that should be undertaken only upon a showing by the moving party that an "actual or likely" conflict of interest exists, rather than a mere imagined or improbable conflict. *See Richmond Hilton Assocs. v. City of Richmond*, 690 F.2d 1086, 1089 (4th Cir. 1982).

A motion to disqualify counsel is subject to the Court's supervisory authority to ensure fairness in all judicial proceedings. *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975). This Court will apply the South Carolina Rules of Professional Conduct (RPC) to ensure it does so. Rule IV(B), RDE, Local Civ. Rule 83.I.08 (D.S.C.).

The decision whether to grant a party's motion to disqualify counsel is a matter within the district court's discretion. *United States v. Urutyan*, 564 F.3d 679, 686 (4th Cir. 2009). Although it is the Court's responsibility to ensure the propriety of the bar, the act of disqualifying a party's counsel is not taken without a strong showing. *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983) ("[D]isqualification is a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" (quoting *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1983))). Thus, the party seeking to disqualify another's counsel bears a "high standard of proof" to show disqualification is warranted. *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir. 1978).

### IV.    CONTENTIONS OF THE PARTIES

Plaintiff contends certain actions of Gari's counsel violate Rule 1.18 of RPC, which outlines the duties a lawyer owes to prospective clients. According to Plaintiff, Casey's, Lightsey's, and Wyche's alleged violations of Rule 1.18 necessitate their disqualification in this matter. Gari disagrees with Plaintiff's position.

### V.    DISCUSSION AND ANALYSIS

Plaintiff and Gari agree that Plaintiff's Motion to Disqualify is governed by Rule 1.18 of the RPC. Rule 1.18 prescribes a lawyer's duties to a prospective client:

3:16-cv-03098-MGL     Date Filed 01/10/17     Entry Number 31     Page 5 of 7

(a) A person with whom a lawyer discusses the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client only when there is a reasonable expectation that the lawyer is likely to form the relationship.

(b) Even when no client-lawyer relationship ensues, a lawyer who has had discussions with a prospective client shall not use or reveal information learned in the consultation, except as Rule 1.9 would permit with respect to information of a former client.

(c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in the firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).

(d) When the lawyer has received disqualifying information as defined in paragraph (c), representation is permissible if:

   (1) both the affected client and the prospective client have given informed consent, confirmed in writing, or

   (2) the lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client; and

      (i) the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

      (ii) written notice is promptly given to the prospective client.

Rule 1.18, RPC, Rule 407, SCACR. Neither Plaintiff nor Gari have provided any controlling precedent regarding the interpretation of Rule 1.18, and the Court is likewise unaware of any.

By its terms, Rule 1.18 applies to and protects prospective clients only. As already noted, a person is a prospective client of a lawyer under Rule 1.18(a) "only when there is a reasonable expectation that the lawyer is likely to form the relationship." Rule 1.18(a). Thus, it is axiomatic that the mere fact a person has a consultation with a lawyer to discuss the possibility of retaining

5

him/her, without more, fails to qualify that person as a prospective client entitled to the protections of Rule 1.18.

Gari contends Plaintiff is not a prospective client of Wyche and is therefore unentitled to invoke Rule 1.18. The Court agrees. Apart from conclusory statements, the only evidence Plaintiff provides in support of the position he is a prospective client of Wyche is the statement in Casey's July 11, 2016, email to Wolman, "I hope we get the opportunity to work together." That email was sent shortly after the conference between Casey and Wolman. Given the Court's own experience as a long-time member of the bar, it is of the opinion Casey's statement was merely a polite curtesy. Customary niceties such as "I hope we get the opportunity to work together" are not binding and are not, absent unusual circumstances, reasonably interpreted to indicate a commitment is likely. Moreover, Casey attests in her December 13, 2016, affidavit that Wolman "clearly understood [Wyche] had to check for conflicts prior to any engagement." ECF No. 22-7, ¶ 4.

The Court further notes Rule 1.18 is modeled after the American Bar Association Model Rules of Professional Conduct (Model Rules). Rule 1.18(a), however, differs from Rule 1.18(a) of the Model Rules. Rule 1.18(a) of the Model Rules states, "A person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client." MODEL RULES OF PROF'L CONDUCT R. 1.18 (AM. BAR ASS'N 2014). Thus, Rule 1.18(a) of the RPC, which the reader will recall states "[a] person with whom a lawyer discusses the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client only when there is areasonable expectation that the lawyer is likely to form the relationship[,]" adopts a stricter standard for the definition of a prospective client than the Model

Rules.  It enables only a subset of individuals who discuss the possibility of forming a client-lawyer relationship to claim status as prospective clients.

Simply stated, Plaintiff's reliance on a perfunctory comment is insufficient to satisfy his high burden of proving a client-lawyer relationship was not only possible but likely.  For these reasons, the Court holds Plaintiff is not a prospective client of Wyche and is unentitled to the safeguards of Rule 1.18.  Therefore, the Court will deny Plaintiff's Motion to Disqualify.

Because the Court's holdings articulated above are dispositive of Plaintiff's Motion to Disqualify, the Court declines to address the remaining arguments of Plaintiff and Gari.  *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

## VI.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Plaintiff's Motion to Disqualify is **DENIED**.  Each party will bear his/her own attorneys' fees and costs.

**IT IS SO ORDERED.**

Signed this 10th day of January 2017 in Columbia, South Carolina.

s/Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
