**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| DARYUSH VALIZADEH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JANE DOE, a/k/a "Susan"; and JOHN AND JANE DOES 2-10, all whose true names are unknown,<br><br>Defendants. | Civil Action No. 3:16-CV-03098-MGL<br><br>**THIRD-PARTY JANE GARI'S MEMORANDUM IN LIEU OF SECOND JOINT STATUS REPORT** |

Third-Party Jane Gari ("Ms. Gari") respectfully submits this memorandum in response to the Court's text Order of January 20, 2017 (ECF No. 36), and to explain why the parties have not filed a joint status report as directed by the Court in its text Order.

In short, counsel conferred on January 25 and were not able to agree on a resolution of the Plaintiff's motion for early discovery. After counsel agreed that they were at an impasse, they were likewise unable to agree on the substance of a joint report to the Court.

The primary reason for our inability to resolve the motion is that Plaintiff continues to refuse to consider allowing Ms. Gari's counsel to depose the Plaintiff under any terms or conditions, notwithstanding the Court's statement in its text Order: "the Court is inclined to grant Gari's request to depose Plaintiff and serve a limited number of interrogatories upon him for the purpose of the Court's determination whether it has subject matter jurisdiction over this action."

Instead, Plaintiff's counsel proposed that Gari have no discovery at all but that Plaintiff be allowed to pursue <u>additional</u> discovery from Gari. This was not acceptable to Ms. Gari.

1

Plaintiff also suggested a process under which notice would be given to "Susan" and the emails sought would be produced if "Susan" did not appear and oppose production. This was also not acceptable to Ms. Gari. Our concern here is that "Susan" is likely not to appear in this action because of the expense of hiring an American lawyer to represent her and a fear of subjecting herself to a foreign jurisdiction, not because she is indifferent to the production of her private emails with Ms. Gari. If the Court wishes, we would be glad to provide, for *in camera* review by the Court, copies of emails with "Susan" that make it clear that she does not wish for Ms. Gari to produce the emails to Plaintiff.

As to the joint report, Ms. Gari's counsel suggested a simple statement on the following lines:

> Counsel for the Plaintiff and Counsel for S. Jane Gari conferred on January 25, 2017 as directed by the Court (Dkt. No. 36) in an effort to resolve the issues associated with Plaintiff's Motion to Take Early Discovery. (Dkt. No. 5). Plaintiff and Gari were unable to reach an agreement, and require action by the Court.
>
> If desired by the Court, counsel will supplement this status report with further detail on the areas of discussion and their differences, provide competing proposed orders to the Court, appear for a status conference, or proceed otherwise as the Court directs.[1]

Plaintiff's counsel took the position that the joint statement should include a summary of each party's position. The undersigned responded that we thought the Court did not desire any more argument from counsel on this matter at this time. After a further exchange of views, the undersigned said that if Plaintiff's counsel would provide a draft of the statement as they wished it to be worded (with their summary of position), we would consider adding a summary of our position, and the joint statement could then be filed in that form. Plaintiff's counsel responded

---

[1] The language quoted above was a modified version of a suggestion from Plaintiff's counsel, which also included placeholders for each party to include a summary of their respective positions.

2

that they would not allow Ms. Gari's counsel to see their summary of position first, but that we could provide our summary to Plaintiff's counsel (without the opportunity of seeing Plaintiff's summary), and they would paste our summary into the report (thus affording them the opportunity to review and respond to our summary while denying it to us).

Ms. Gari's counsel rejected that proposal and reiterated our willingness to file a joint report using the language quoted above. As of the time of this filing, Plaintiff's counsel has not agreed to do so, and their previous communications indicated that they would not.

Throughout the discussions, Ms. Gari's counsel stated that Plaintiff's counsel could file a supplemental memorandum in order to set forth their position, but Plaintiff's counsel wanted both sides to agree not to file any supplemental memoranda after the joint report was submitted. Ms. Gari's counsel agreed not to file a supplemental memorandum following a <u>joint report</u> agreed to by both sides; but because counsel could not reach a consensus on the substance of the joint report, we submit this statement in lieu of the joint report so that the Court will be aware of what happened.[2]

In light of the above considerations, and for the reasons stated in Ms. Gari's memorandum in opposition to Plaintiff's motion for early discovery, the Court should either deny the Plaintiff's motion outright, or alternatively grant counsel for Ms. Gari leave to conduct limited discovery from the Plaintiff to ascertain whether the Court has subject matter jurisdiction over this action and whether the Plaintiff can meet the summary judgment standard for early discovery applicable in cases involving anonymous speech of the type at issue here. Counsel for Ms. Gari respectfully

---

[2] If the Court so desires, we would be glad to provide copies of the entire email exchange between counsel. In addition, Plaintiff's counsel recorded the telephone conversation, and presumably could provide that recording to the Court if the Court wishes.

request a hearing before the Court or, in the alternative, the opportunity to submit a proposed order for the Court's consideration.

          Respectfully Submitted,

          **WYCHE, P.A.**

          s/Wallace K. Lightsey
          Wallace K. Lightsey (D.S.C. Id. No. 1037)
          Christopher B. Schoen (D.S.C. Id. No. 11421)
          44 East Camperdown Way
          Greenville, S.C. 29601
          Telephone: 864-242-8200
          Telecopier: 864-235-8900
          Email: wlightsey@wyche.com; cschoen@wyche.com

January 26, 2017          ATTORNEYS FOR THIRD-PARTY JANE GARI

4