# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| DARYUSH VALIZADEH, an individual, ) | |
| ) | Case No. 3:16-cv-03098-MGL |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JANE DOE, a/k/a "Susan"; and JOHN ) | **MOTION FOR PROTECTIVE** |
| AND JANE DOES 2-10, all whose true ) | **ORDER AND FOR** |
| names are unknown, ) | **RECONSIDERATION** |
| ) | |
| Defendants. ) | |
| ) | |

    Plaintiff, Daryush Valizadeh (hereinafter referred to as "Valizadeh" or "Plaintiff") hereby moves this Court for a protective order pursuant to Fed. R. Civ. P. 26(c). Plaintiff moves on the grounds that (1) Third-Party Witness Gari's interrogatories exceed their allowable scope, and (2) Plaintiff concedes that he cannot presently establish economic losses such that he must rely solely on nominal and punitive damages to satisfy his amount in controversy.

    Third-Party Witness Jane Gari ("Gari") propounded interrogatories upon Plaintiff well in excess of the authority granted to her pursuant to this Court's Order of January 30, 2017 (Dkt. No. 39), which was supposed to have been limited solely to the issue of subject matter jurisdiction. Plaintiff has lodged objections thereto and now seeks a protective order forbidding the interrogatories. Plaintiff anticipates that Gari will further seek to ask improper questions at the deposition permitted by the Court, which would likely result in Plaintiff otherwise stopping the deposition to seek an order on nearly every question; thus, based on Gari's discovery excesses, Plaintiff seeks a protective order revoking Gari's permission to take such deposition and forbidding same.

To the extent applicable, this motion may further be deemed a motion for reconsideration of the Court's Order of January 30, 2017. Both because of Gari's anticipated violation of the order and because Plaintiff's responses to Gari's interrogatories should terminate further inquiry, the January 30 Order should be modified to preclude deposition. Should Plaintiff ultimately amend his Complaint to name Gari as a witness or should the Doe defendants be identified and named, Plaintiff is prepared to sit for a deposition in the normal course of discovery. But deposition by Gari as a Third-Party Witness is not necessary for the Court to adjudicate the issue of subject matter jurisdiction.

## I.   Procedural History

On January 30, 2017, this Court authorized Gari to serve 15 interrogatories and depose Plaintiff, citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va.,* 43 F.3d 922, 929 (4th Cir. 1995), and *Watson v. Lowcountry Red Cross,* 974 F2d 482, 488-489 (4th Cir. 1992). See Dkt. No. 39. In allowing Gari to take discovery, such was expressly limited in scope, namely that it be "for the purpose of investigating whether the Court has subject matter jurisdiction in this case" and that it be limited to "fifteen interrogatories…regarding matters relevant to subject matter jurisdiction this action." Dkt. No. 39.

On February 8, 2017, Gari served her Interrogatories to Plaintiff and Notice of Deposition.[1] *See* Exhibits A & B, attached hereto. Those interrogatories exceed the scope of the January 30, 2017, order. In response to Gari's interrogatories, on February 21, 2017, Plaintiff served his answers and objections. *See* Exhibit C attached hereto and incorporated herein by reference. In compliance with the Court's January 30 Order, Plaintiff answered those interrogatories relevant to subject matter jurisdiction. The remaining unanswered interrogatories

---

[1]   The deposition has been scheduled for Wednesday, March 8, 2017, at 9:30 a.m.

do not require a response and a protective order precluding such should issue. Moreover, the answers provided by Plaintiff, namely that he cannot quantify economic damages, demonstrates that there is no need for further discovery on the issue of subject matter jurisdiction; the Court may adjudicate the issue on the record before it – if the Court believes that the Plaintiff must show more than $75,000 in economic damages in order to assert Subject Matter Jurisdiction, then Plaintiff has clearly run out of road. Plaintiff is not able to demonstrate that at this time. If the Court believes that this terminates its subject matter jurisdiction, then Valizadeh is resigned to that fate.

## II.     Legal Standard

Pursuant to Fed. R. Civ. P. 26(c)(1), "a party…from whom discovery is sought may move for a protective order…The court may, for good cause, issue an order to protect a party…from annoyance, embarrassment, oppression, or undue burden or expense, including…(a) forbidding the disclosure or discovery…."

Although the Fourth Circuit held, in *Watson v. Lowcountry Red Cross*, "[o]n relevancy matters, the trial court has broad discretion," such holding was pursuant to the former version of Fed. R. Civ. P. 26(b)(1), which permitted discovery "reasonably calculated to lead to the discovery of admissible evidence." 974 F.2d 482, 486 & 489 (4th Cir. 1992). Rule 26(b)(1) was recently revised so require that discovery must be "relevant to any party's claim or defense and proportional to the needs of the case" without the "reasonably calculated to lead" aspect that formerly appeared in the rule. The Advisory Committee on the Federal Rules of Civil Procedure provided this explanation for the deletion:

> The former provision for discovery of relevant but inadmissible information that appears "reasonably calculated to lead to the discovery of admissible evidence" is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery. As the Committee Note to the 2000 amendments observed, use of

>the "reasonably calculated" phrase to define the scope of discovery "might swallow any other limitation on the scope of discovery." The 2000 amendments sought to prevent such misuse by adding the word "relevant" at the beginning of the sentence, making clear that "relevant" means within the scope of discovery as defined in this subdivision . . . ." The "reasonably calculated" phrase has continued to create problems, however, and is removed by these amendments.

Rule 26, Advis. Comm. Notes for 2015 Amends. This amendment effectively abrogated all caselaw regarding the prior version. *See In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016). "The test going forward is whether evidence is 'relevant to any party's claim or defense,' not whether it is 'reasonably calculated to lead to admissible evidence.'" *Id.* Gari's improper discovery requests are not directly relevant to the issue of subject matter jurisdiction, *i.e.* the calculation of damages, and the discovery is not proportional to the needs of the case.

Further, to the extent applicable, Fed. R. Civ. P. 60(b)(6) allows a party to seek relief from a judgment or order for "any other reason justifying relief from the operation of the judgment." At the time the Court issued its order, it could not have known Gari would grossly exceed its bounds. Further, if subject matter jurisdiction is lacking due to Valizadeh's inability to prove his damages at this point, then Rule 12(b)(1) mandates immediate dismissal. While Valizadeh disagrees that his inability, at this point, warrants dismissal, he prefers to have all parties spend less money and time on this case and let the Court dismiss it now, rather than after he spends tens of thousands of dollars on Gari's fishing expedition.

**III.     Analysis**

    A.     <u>Gari's Interrogatories Exceed the Scope of Permitted Discovery</u>

Gari served thirteen numbered interrogatories. Ten of those interrogatories, namely Interrogatories 3, 4, 5, 6, 7, 8, 9, 11, 12, & 13, all exceed the scope of permissible discovery,[2] which was limited to the issue of the amount in controversy to establish subject matter jurisdiction. *See* 28 U.S.C. § 1332. One of those interrogatories, moreover, would seem to require Plaintiff to violate the Icelandic Act on the Protection of Privacy as regards the Processing of Personal Data, No. 77/2000, as amended (hereinafter "Act 77/2000"). Instead of being tailored to the precise issue of the amount in controversy, these interrogatories are more of a general fishing expedition as to Plaintiff's background and the liability of defendants.

Interrogatory 3 seeks the identification of every person Plaintiff spoke with about the defamatory article or the subject matter thereof. There is no relevance to the amount in controversy, especially as there is no logical connection between all persons Plaintiff might have spoken with and the damages to his reputation.

Interrogatory 4 seeks the identity of all of Plaintiff's former employers and Interrogatory 5 seeks the identity of organizations Plaintiff was a member and officer of for the past 20 years. There is no relevance between the information sought in Interrogatories 4 and 5 and Plaintiff's reputational harm. How much a false rape accusation hurt him has nothing to do with his past associations and he is not claiming a loss of wages.

Interrogatory 6 seeks all of Plaintiff's addresses for the past twenty years. There is no relevance of his addresses to the damages caused by the defendants.

---

[2]  Plaintiff answered, in whole or in part, Interrogatories 1, 2, 8, 10 & 11, even despite objections to Interrogatories 8 & 11.

Interrogatory 7 seeks a list of all matters in which Plaintiff may have previously testified. Similarly, Interrogatory 8 requests information about arrests and convictions. Once more, there is no relevance of these requests about prior legal proceedings, to the amount in controversy. Such interrogatories well exceed the scope of permissible inquiry.[3]

Interrogatory 11 is overly intrusive into Plaintiff's medical history. This is not an action for bodily injuries. Plaintiff recognizes that there may be some relevance to inquiring during the course of litigation as to his treatment for emotional distress, but the interrogatory is not tailored to that information. Rather, it seeks a general list of all of his medical practitioners over the past five years, without limitation. Such information is not relevant to the amount in controversy, especially where Plaintiff's partial answer, notwithstanding the objection, sets forth that he has not sought treatment or consultation with any medical care provider for any emotional matter over the past five years, aside from the self-treatment that he has undertaken. Where a plaintiff has not sought or received medical treatment and no relevant medical records exist, it is "irrelevant and intrusive…to compel a wholesale investigation of plaintiff's medical history". *Broderick v. Shad*, 117 F.R.D. 306, 309 (D.D.C. 1987). As such, the interrogatory is improper.[4]

Interrogatory 12 seeks information about Plaintiff's book sales and revenue therefrom and Interrogatory 13 seeks information about Plaintiffs' websites. As Plaintiff responded to the first interrogatory, **he cannot identify any discrete economic loss**. Thus, these interrogatories are not relevant.

---

[3] However, in an effort to address whether there might be some form of public record relating to the false allegation of rape, Plaintiff nonetheless responded to Interrogatory 8, which is in the negative.

[4] Because Interrogatories 1, 3, and 5 are compound interrogatories, Interrogatory 11 is actually the sixteenth interrogatory, exceeding the number of permissible interrogatories. Similarly, Interrogatories 12 & 13 are actually three separate interrogatories each, such that the total number of interrogatories propounded is actually twenty two, which is approximately 50% above the fifteen permitted by the Court.

Interrogatory 9 is exceptionally odious. Gari seeks the identity of all the women in Iceland who had sexual relations with Plaintiff, including four women identified in his book "Bang Iceland." There is no relevancy of this information to the amount in controversy. "Susan" is free to appear and deny that her rape allegation is libelous. Gari already possesses information as to the identity of "Susan." And "Susan" knows who he or she is.[5] Neither of these issues, however, relate to the intangible harm to Plaintiff's reputation.

Gari publicly portrays herself as championing women, in her effort to evade discovery. Yet, here she seeks to intrude upon the sex lives of at least four women who Plaintiff took care to anonymize. Gari has no justifiable cause, beyond prurient interest, to seek to uncover their identities.[6] Moreover, Plaintiff does not appear to be in a position to provide the information. To the extent he has such information, it is data collected in Iceland about Icelandic citizens in the course of research for anonymized publication. Such data collection would appear to be governed by the Icelandic Act on the Protection of Privacy as regards the Processing of Personal Data, No. 77/2000, as amended (hereinafter "Act 77/2000"). *See* Article 6 of Act 77/2000 (setting forth the Geographical Application). Thus, the information constitutes "personal data" and "sensitive data" pursuant to Article 2(1) & 2(8)(d) of Act 77/2000. As a result, Plaintiff may be prohibited from processing the data under Article 8 and prohibited from processing the sensitive data under Article 9 of Act 77/2000. Where disclosure is likely prohibited and is otherwise irrelevant, Plaintiff is not required to respond.

---

[5] As the tale told by Gari is a fabrication, it is as likely that "Susan" is a male from Charleston as it is that "Susan" is a female from Iceland.

[6] Notably, Gari herself has abandoned any pretense of concealing the identity of "Susan" under the Shield Law. Her only remaining caveat is to put "Susan" on some form of notice, despite having been in contact with "Susan" about this case for months.

### B.     No Further Response or Inquiry is Warranted

As set forth above, Gari's interrogatories are largely irrelevant, exceed the scope of permissible discovery, and tend to intrude into his and third-party private affairs. No further response to the interrogatories is warranted. Moreover, Plaintiff requests that the Court preclude Gari from taking the deposition as noticed and revoke her authorization to take such deposition. Any deposition is likely to result in the need for judicial intervention to preclude improper questions within minutes and throughout the course of the deposition. Moreover, the Court now has sufficient information to decide the question of subject matter jurisdiction without the need for such deposition. Plaintiff, in conferring with Counsel for Gari's on this motion, offered to stipulate that he can only assertion nominal/presumed and punitive damages at this time; however, Counsel decided that was insufficient. (Exhibit D Proposed Stipulation) Plaintiff's entitlement to punitive and nominal/presumed damages is not driven by his on testimony; but rather, by the actions of the Defendant(s) and the Defendant's(s') intent with respect to the same. Thus, there is no reason to depose Plaintiff and this juncture. Either the Court can assert jurisdiction over a case involving nominal damages, plus a request for reasonable punitive damages in excess of $75,000, or it cannot.

As set forth in his answers to the relevant interrogatories, Plaintiff has not quantified the damages to his reputation or wellbeing, and he cannot identify any discrete economic loss proximately caused by the defamation. He has not sought any treatment for emotional injury. Rather, Plaintiff's primary claims are for nominal damages and punitive damages.

Plaintiff has alleged a sufficient amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) ("[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."); *JTH Tax, Inc. v. Frashier*, 624

F.3d 635, 638 (4th Cir. 2010) (jurisdiction upheld).  To overcome this, Gari "must show the legal impossibility of recovery to be so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Id.* (internal citation and quotation marks omitted).  Only if it is "legally impossible" that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the monetary floor would the Court lack subject matter jurisdiction.  Gari requires no discovery to demonstrate a lack of punitive damages.  She must merely ask this Court to declare that it will not award them.

Punitive damages, "must be included in the calculation of the amount in controversy." *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1943). Plaintiff requested general and punitive damages in his complaint.  (Dkt. No. 1).  General damages, which may be at least nominal, require no proof.  *See Sandifer v. Electrolux Corp.*, 172 F.2d 548 (4th Cir. 1949); *Lily v. Belk's Dep't Store*, 178 S.C. 278, 284, 182 S.E. 889, 891 (1935).  Punitive damages may be awarded upon an award of general, and at least nominal, damages.  *See Liberty Mut. Fire Ins. Co. v. JT Walker Indus.*, 554 F. App'x 176, 189-90 (4th Cir. 2014).  Punitive damages are available in defamation actions.  *See, e.g.*, *McAlhaney v. McElveen*, 413 S.C. 299, 775 S.E.2d 411 (Ct. App. 2015) (affirming $3.5 million punitive damage award). As with the plaintiff in *McAlhaney*, Mr. Valizadeh has been accused of a crime and may similarly be awarded well in excess of $75,000 punitive damages – unless the Court is prepared, at this time, to rule as a matter of law that such could not be awarded.

No further discovery, including deposition, is necessary as Plaintiff cannot provide information as to compensatory damages, and there is no relevant question that can be asked of him beyond those to which he responded already. The Court has sufficient information to determine that Plaintiff may recover, as a matter of law, nominal and punitive damages in excess

of the amount-in-controversy requirement. To the extent discovery by Gari may have been warranted, it no longer is.

WHEREFORE Plaintiff respectfully requests this Honorable Court issue a protective order precluding Gari from pursuing responses to the aforementioned Interrogatories and preclude her from deposing Plaintiff, modifying its prior order consistent herewith.

## **CERTIFICATION**

Pursuant to Fed.R.Civ.P. 26(c)(1) and Local Civil Rule 7.02, Plaintiff hereby certifies that he has conferred in good faith with counsel for Gari in an effort to resolve the dispute without court action and attempted in good faith to resolve the matter contained in the instant motion.

Dated: March 2, 2017.                             Respectfully Submitted,

/s/ J. Paul Porter
J. Lewis Cromer (#362)
J. Paul Porter (#11504)
CROMER BABB PORTER & HICKS, LLC
1418 Laurel Street, Ste. A
Post Office Box 11675
Columbia, SC 29211
Phone  803-799-9530
Fax     803-799-9533
Email: <paul@cbphlaw.com>

Jay M. Wolman, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: 702-420-2001
Fax: 305-437-7662
Email: <ecf@randazza.com>

>LaTeigra C. Cahill, *pro hac vice*
>RANDAZZA LEGAL GROUP, PLLC
>4035 S. El Capitan way
>Las Vegas, NV 89147
>Tel: 702-420-2001
>Fax: 305-437-7662
>Email: <ecf@randazza.com>
>
>ATTORNEYS FOR PLAINTIFF,
>DARYUSH VALIZADEH

<div style="text-align: right;">Civil Action No. 3:16-cv-03098-MGL</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of March, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

<div style="margin-left: 50%;">
/s/ J. Paul Porter<br>
J. Paul Porter
</div>