## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| DARYUSH VALIZADEH, an individual, ) | |
| ) | Case No. 3:16-cv-03098-MGL |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JANE DOE, a/k/a "Susan"; and JOHN ) | **Exhibit C: Discovery Responses** |
| AND JANE DOES 2-10, all whose true ) | |
| names are unknown, ) | |
| ) | |
| Defendants. ) | |
| ) | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| DARYUSH VALIZADEH, an individual, | ) |
| | ) Civil Action No. 3:16-cv-03098-MGL |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JANE DOE, a/k/a "Susan"; and JOHN AND JANE DOES 2-10, all whose true names are unknown, | ) **PLAINTIFF DARYUSH** <br> ) **VALIZADEH'S RESPONSES AND** <br> ) **OBJECTIONS TO THIRD-PARTY** <br> ) **JANE GARI'S INTERROGATORIES** |
| | ) |
| Defendants. | ) |
| | ) |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Daryush Valizadeh ("Plaintiff") hereby responds to Third-Party Jane Gari's ("Gari") Interrogatories to Plaintiff as follows:

## GENERAL OBJECTIONS

Plaintiff objects to each interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Plaintiff objects to each interrogatory to the extent it seeks information not within the possession, custody, or control of Plaintiff.

Plaintiff objects to each interrogatory to the extent it seeks to impose duties on Plaintiff beyond the scope of the Federal Rules of Civil Procedure or the local rules of this Court including, but not limited to, responding to interrogatories propounded by a non-party. Notwithstanding such objection, Plaintiff will abide this Court's Order of January 30, 2017 (Dkt. No. 39) with respect to such interrogatories.

Plaintiff objects to each interrogatory to the extent it exceeds the scope set forth in this Court's Order of January 30, 2017 (Dkt. No. 39), namely that it be "for the purpose of

investigating whether the Court has subject matter jurisdiction in this case" and that it be limited to "fifteen interrogatories…regarding matters relevant to subject matter jurisdiction this action."

Plaintiff objects to each interrogatory to the extent it seeks confidential, proprietary, or sensitive business information.

Plaintiff objects generally to Gari's interrogatories to the extent that they are vague, ambiguous, overly broad, or seek to impose on Plaintiff an unduly burdensome search for and disclosure of information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of information or evidence admissible at trial.

Plaintiff reserves the right to supplement, amend, and correct the answers set forth below. Plaintiff's investigation is ongoing and the information contained in these answers is preliminary.

Plaintiff hereby incorporates by reference these general objections into each specific answer.

Plaintiff has not yet completed its investigation of the applicable facts and has not yet completed discovery in this action. Plaintiff's answers herein are without prejudice to its rights to produce any additional facts.

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

Plaintiff objects to Instruction A to the extent to requires him to obtain and furnish information he does not presently possess beyond the requirements of the Federal Rules of Civil Procedure or the Local Rules.

Plaintiff objects to Instruction B to the extent it requires him to respond to an interrogatory beyond the requirements of the Federal Rules of Civil Procedure or the Local

Rules. Such instruction must otherwise be deemed a separate interrogatory each time it is invoked to be counted against the numerical limitations.

Plaintiff objects to Instruction C to the extent it requires him to respond to an interrogatory beyond the requirements of the Federal Rules of Civil Procedure or the Local Rules. Such instruction must otherwise be deemed a separate interrogatory each time it is invoked to be counted against the numerical limitations.

Plaintiff objects to Instruction D to the extent it requires him to respond to an interrogatory beyond the requirements of the Federal Rules of Civil Procedure or the Local Rules. Such instructions may otherwise be deemed a separate interrogatory each time it is invoked to be counted against the numerical limitations.

There is no Instruction E.

Plaintiff objects to Instruction F to the extent it requires him to respond to an interrogatory beyond the requirements of the Federal Rules of Civil Procedure or the Local Rules. Specifically, Plaintiff is not required to address any draft document implicating the attorney-client or work-product privilege, and documents shall not be deemed within his possession or control in a manner beyond what the law deems to be within his possession or control

Plaintiff objects to Instruction N as vague.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:**

Set forth an itemization of all damages the plaintiff claims to have sustained as a proximate result of the Article, and for each component of the damages so itemized, describe

separately and with specificity each and every fact upon which the plaintiff relies to support his claim that such damages were proximately caused by the Article.

**Response to Interrogatory No. 1:**

This Interrogatory is and shall be counted as two separate interrogatories:

(1) Plaintiff sustained damages to his reputation and wellbeing in an amount that has not yet been quantified. Plaintiff cannot identify any discrete economic loss to date. Under the law, Plaintiff is entitled to at least nominal damages as well as punitive damages. Damages are presumed under law for the first and third counts asserting claims for defamation *per se*. Plaintiff reserves the right to supplement his response in a timely manner before trial.

(2) Such damages were proximately caused by the Doe defendants, including "Susan", in that they falsely portray Plaintiff as a rapist, which necessarily damages his reputation and caused him to suffer mental anguish. All other such damages are allowed or presumed under law due to the reprehensible statements made with actual malice. Plaintiff reserves the right to supplement his response in a timely manner before trial.

**Interrogatory No. 2:**

Identify each and every person whom plaintiff or plaintiff's counsel is aware whose opinion of plaintiff or of plaintiff's reputation changed for the worse as a result of reading the Article.

**Response to Interrogatory No. 2:**

Objection. This interrogatory seeks information protected by attorney-client privilege and/or the work-product rule. Notwithstanding the foregoing objection, Plaintiff responds as follows:

- 4 -

Plaintiff cannot identify any such person. In large part, his inability to do so is due to the fact that he has not yet been afforded an opportunity to take discovery in this case.

**Interrogatory No. 3:**

Identify every person with whom the plaintiff has had any communication (oral, written, or otherwise) concerning the Article or the subject matter of the Article, and for each such person identify and describe any non-privileged communications concerning the Article or the subject matter of the Article.

**Response to Interrogatory No. 3:**

Objection. This interrogatory is and shall be counted as three separate interrogatories. This interrogatory is overbroad. This interrogatory exceeds the scope of permissible discovery as it does not relate to subject matter jurisdiction. It further is overly intrusive with respect to the current posture of the case, irrelevant to the subject matter of the claims, and calculated to harass rather than to seek relevant evidence.

**Interrogatory No. 4:**

State the name and address of the employer for each and every job the plaintiff has held.

**Response to Interrogatory No. 4:**

Objection. This interrogatory exceeds the scope of permissible discovery as it does not relate to subject matter jurisdiction. It further is overly intrusive with respect to the current posture of the case, irrelevant to the subject matter of the claims, and calculated to harass rather than to seek relevant evidence.

**Interrogatory No. 5:**

Identify and describe in detail any organizations to which the plaintiff has belonged during the past twenty (20) years, and list any offices held in each such organization.

**Response to Interrogatory No. 5:**

Objection. This interrogatory is and shall be counted as three separate interrogatories. This interrogatory exceeds the scope of permissible discovery as it does not relate to subject matter jurisdiction. It further is overly intrusive with respect to the current posture of the case, irrelevant to the subject matter of the claims, and calculated to harass rather than to seek relevant evidence.

**Interrogatory No. 6:**

List any and all addresses of plaintiff for the past twenty (20) years.

**Response to Interrogatory No. 6:**

Objection. This interrogatory exceeds the scope of permissible discovery as it does not relate to subject matter jurisdiction. This interrogatory is vague as the term "addresses" has a wide variety of meanings. It further is overly intrusive with respect to the current posture of the case, irrelevant to the subject matter of the claims, and calculated to harass rather than to seek relevant evidence.

 **Interrogatory No. 7:**

If the plaintiff has been a party to or has testified (by deposition or any other form of testimony) in any civil lawsuit, arbitration, criminal prosecution, administrative or regulatory action, internal agency hearing or investigation, or any governmental proceeding of any nature,

other than the above-captioned lawsuit, provide the caption, jurisdiction, and case number of the matter.

**Response to Interrogatory No. 7:**

Objection. This interrogatory exceeds the scope of permissible discovery as it does not relate to subject matter jurisdiction. It further is overly intrusive with respect to the current posture of the case, irrelevant to the subject matter of the claims, and calculated to harass rather than to seek relevant evidence.

**Interrogatory No. 8:**

Describe in detail all crimes of which the plaintiff was convicted, to which the plaintiff plead guilty, or for which the plaintiff was arrested, indicted, or charged. In describing such crime(s), provide the date of the crime and the state, county, and court in which the crime was processed.

**Response to Interrogatory No. 8:**

Objection. This interrogatory exceeds the scope of permissible discovery as it does not relate to subject matter jurisdiction. It further is overly intrusive with respect to the current posture of the case, irrelevant to the subject matter of the claims, and calculated to harass rather than to seek relevant evidence. Notwithstanding the foregoing objection, Plaintiff responds as follows:

Plaintiff has never been convicted of any crime, never pleaded guilty to any crime, or arrested, indicted, or charged in any crime.

**Interrogatory No. 9:**

Identify each and every person with whom plaintiff has ever had sex in the country of Iceland, including but not limited to the women described in the following passages from Bang Iceland:

a.  The woman described on pages 50-52;

b.  The woman described on page 57 as "like a little ballerina with a big ass" and "drunk out of her mind";

c.  The "Danish girl" referenced on page 65; and

d.  The woman described as "pleather pants" on pages 66-69.

**Response to Interrogatory No. 9:**

Objection. This interrogatory exceeds the scope of permissible discovery as it does not relate to subject matter jurisdiction. It further is overly intrusive with respect to the current posture of the case, irrelevant to the subject matter of the claims, and calculated to harass rather than to seek relevant evidence. In addition, it needlessly interferes with the privacy of non-parties to this litigation; more specifically, such information constitutes "personal data" and "sensitive data" pursuant to Article 2(1) & 2(8)(d) of the Icelandic Act on the Protection of Privacy as regards the Processing of Personal Data, No. 77/2000, as amended (hereinafter "Act 77/2000"). Plaintiff collected the data requested within Iceland and thus may be bound by the Geographical Application set forth in Article 6 of Act 77/2000. As a result, Plaintiff may be prohibited from processing the data under Article 8 and prohibited from processing the sensitive data under Article 9 of Act 77/2000.

DocuSign Envelope ID: A7A50079-E17F-48B4-AE7E-9CC6A600D218

**Interrogatory No. 10:**

If plaintiff asserts that the alleged defamation has caused injury to him in his business, state plaintiff's annual income from his business for 2014, 2015, and 2016.

**Response to Interrogatory No. 10:**

Plaintiff does not presently assert the defamation caused him injury in his business. Plaintiff reserves the right to supplement his response should he subsequently discover any such injury.

**Interrogatory No. 11:**

If plaintiff asserts that the alleged defamation has caused him emotional distress, identify ever medical care provider who has treated or consulted with plaintiff for any medical or emotional matter over the past five years.

**Response to Interrogatory No. 11:**

Objection. This interrogatory exceeds the scope of permissible discovery as it does not relate to subject matter jurisdiction as Gari is not permitted to serve discovery upon any such provider and his non-emotional condition is not in controversy. It further is overly intrusive with respect to the current posture of the case, irrelevant to the subject matter of the claims, and calculated to harass rather than to seek relevant evidence. Because Interrogatories 1, 3, and 5 are compound interrogatories, this is the sixteenth interrogatory and exceeds the number of permissible interrogatories. Notwithstanding the foregoing objection, Plaintiff responds as follows:

Plaintiff has not treated or consulted with any medical care provider for any emotional matter over the past five years. However, Plaintiff is a believer in self-treatment for emotional distress. Plaintiff engages in such self-treatment by reading books about stoicism and Taoist

philosophy. Plaintiff reserves the right to supplement his response should he subsequently undergo any such treatment or consultation.

**Interrogatory No. 12:**

Identify by the title the number of copies sold by month and your gross and net revenues from book sales by month for all books plaintiff has written, co-written, ghost written, or published from 2007 to present, including but not limited to, Bang, Poosy Paradise, Bang Poland, Bang Iceland, Bang Estonia, Bang Lithuania, Bang Columbia, Bang Ukraine, Roosh's Brazil Compendium, Roosh's Argentina Compendium, Don't Bang Denmark, Don't Bang Latvia, Why Can't I Use a Smiley Face?, 30 Bangs, The Best of Roosh: Volume 1, Compliment & Cuddle: The Beta Male Method to Getting Laid, Day Bang, the Medellin Diaries, Gheridge, Sour DSLs, The Brazilian Movie Actress, and Free Speech Isn't Free: How 90 Men Stood Up Against the Globalist Establishment – And Won.

**Response to Interrogatory No. 12:**

Objection. This interrogatory is and shall be counted as three separate interrogatories. This interrogatory exceeds the scope of permissible discovery as it does not relate to subject matter jurisdiction. It further is overly intrusive with respect to the current posture of the case, irrelevant to the subject matter of the claims, and calculated to harass rather than to seek relevant evidence. Because Interrogatories 1, 3, and 5 are compound interrogatories, this is the seventeenth, eighteenth, and nineteenth interrogatories and exceeds the number of permissible interrogatories.

**Interrogatory No. 13:**

Identify by month the number of clicks, number of visitors, number of page views, and amount in gross and net revenues that Plaintiff's websites www.rooshv.com and www.returnofkinds.com have received or generated.

**Response to Interrogatory No. 13:**

Objection. This interrogatory is and shall be counted as five separate interrogatories. This interrogatory exceeds the scope of permissible discovery as it does not relate to subject matter jurisdiction. It further is overly intrusive with respect to the current posture of the case, irrelevant to the subject matter of the claims, and calculated to harass rather than to seek relevant evidence. Because Interrogatories 1, 3, 5, and 12 are compound interrogatories, this is the twentieth, twenty first, twenty second, twenty third, and twenty fourth interrogatories and exceeds the number of permissible interrogatories.

## VERIFICATION OF INTERROGATORY RESPONSES

I, Daryush Valizadeh, declare under penalty of perjury under the laws of the United States of America that the foregoing responses to Interrogatories are true and correct.

Executed on: 2/20/2017 .

*DocuSigned by:*
*Daryush Valizadeh*
25E58DD951E643C...

Daryush Valizadeh

Dated: February 20, 2017.

As to Objections,

/s/ J. Paul Porter
J. Lewis Cromer (#362)
J. Paul Porter (#11504)
CROMER BABB PORTER & HICKS, LLC
1418 Laurel Street, Ste. A
Post Office Box 11675
Columbia, SC 29211
Phone  803-799-9530
Fax      803-799-9533
Email: <paul@cbphlaw.com>

Jay M. Wolman *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: 702-420-2001
Fax: 305-437-7662
Email: <ecf@randazza.com>

LaTeigra C. Cahill, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan way
Las Vegas, NV 89147
Tel: 702-420-2001
Fax: 305-437-7662
Email: <ecf@randazza.com>

ATTORNEYS FOR PLAINTIFF,
DARYUSH VALIZADEH