## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| DARYUSH VALIZADEH, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>JANE DOE, a/k/a "Susan"; and JOHN AND JANE DOES 2-10, all whose true names are unknown,<br><br>    Defendants. | Civil Action No. 3:16-CV-03098-MGL<br><br><br>**THIRD-PARTY JANE GARI'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND FOR RECONSIDERATION** |

Pursuant to the Court's text order of March 13, 2017 (ECF No. 46), Third-Party Jane Gari ("Ms. Gari") respectfully submits this memorandum in response to the portions of Plaintiff Daryush Valizadeh's Motion for Protective Order and For Reconsideration (ECF No. 41) which object to the interrogatories served on Plaintiff by Ms. Gari.

## BACKGROUND

The Court is familiar with the factual and procedural background of this case, which are thoroughly discussed in Ms. Gari's prior submissions. (*See* ECF Nos. 10, 28). On January 30, 2017, the Court issued a text order granting Ms. Gari permission to "depose Plaintiff for one day of seven hours" and to "propound fifteen interrogatories upon Plaintiff regarding matters relevant to subject matter jurisdiction." (ECF No. 30) Ms. Gari served these interrogatories upon Plaintiff and received responses that consisted primarily of objections. In one of his few substantive responses, Plaintiff "concede[d] that he cannot presently establish economic losses such that he must rely solely on nominal and punitive damages to satisfy his amount in controversy." (Motion For Protective Order and Reconsideration 1, ECF No. 41; *see also* Response to Interrogatory 1,

ECF No. 41-3) Based on this concession, Plaintiff moved for reconsideration and the issuance of a protective order relieving him of the obligation to answer Ms. Gari's interrogatories and revoking Ms. Gari's right to depose him.

This Court denied Plaintiff's attempt to avoid his deposition and instructed the parties to confer and attempt to resolve the impasse over the interrogatories. (*See* ECF No. 44). As Plaintiff conceded in the joint Status Report submitted by the parties (ECF No. 45), Ms. Gari offered to forego answers to several interrogatories in order to resolve the impasse without further Court intervention, but Plaintiff rejected the offer, electing to stand on his objections without making any offer to compromise. Plaintiff objects that ten of Ms. Gari's interrogatories (3-9, and 11-13) exceed the scope of discovery and that interrogatories 11-15 exceed the number of interrogatories allowed by the Court. In short, aside from conceding that he has no proof of actual damages, claiming he has no criminal background, and noting that he opts for self-treatment of emotional distress through stoicism and Taoist philosophy, Plaintiff has provided Ms. Gari with virtually nothing in response to her interrogatories.

Given that the Court authorized 15 interrogatories and a seven-hour deposition, Ms. Gari reasonably concluded that the Court expected a thorough and careful examination of the damages Plaintiff is claiming in this case. Accordingly, Ms. Gari propounded a tailored version of the type of interrogatories typically used to evaluate a plaintiff's damages in a defamation case. Plaintiff contends that his concession that he cannot currently establish economic losses and must rely on nominal and punitive damages to satisfy the amount in controversy precludes the need for any further inquiry regarding his damages, and this appears to the be the basis for most of his objections to Ms. Gari's interrogatories. That the Court rejected this reasoning in connection with Plaintiff's efforts to avoid his deposition has not changed his position regarding the interrogatories.

## DISCUSSION

The discovery authorized by the Court is reasonable and well within the Court's authority. As the Court has already noted, a federal district judge is afforded considerable discretion with regard to discovery in her cases. (*See* ECF No. 39 citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) and *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 488-89 (4th Cir. 1992)) This was true prior to the recent amendments to Rule 26, and it remains true today. *See Lord & Taylor, LLC v. White Flint, L.P.*, 15-1995, 2017 WL 775853, at *3 (4th Cir. Feb. 28, 2017) (citing *Lone Star Steakhouse & Saloon, Inc.*, 43 F.3d at 929). Nor is this Court the first to hold that further fact-finding is warranted before this Plaintiff is allowed to review the private correspondence of a woman who alleges he raped her. *See Daryush Valizadeh v. Doe*, CIV. 16-5020-JLV (D.S.D. 2016).

The interrogatories propounded by Ms. Gari are within the scope of the Court's Order in that they seek information "regarding matters relevant to subject matter jurisdiction," namely, the nature and extent of Plaintiff's damages, including factors that are relevant to punitive damages and information needed to identify other witnesses with such information. To whatever extent Plaintiff is claiming that recent amendments to FRCP 26 preclude a party from discovering facts needed to identify other individuals with relevant information, Plaintiff is simply wrong. As the Committee Note accompanying the recent amendment to Rule 26 explains:

> A portion of present Rule 26(b)(1) is omitted from the proposed revision. After allowing discovery of any matter relevant to any party's claim or defense, the present rule adds: "including the existence, description, nature, custody, condition, and location of any documents or other tangible things **and the identity and location of persons who know of any discoverable matter.**" Discovery of such matters is so deeply entrenched in practice that it is no longer necessary to clutter the long text of Rule 26 with these examples. **The discovery identified in these examples should still be permitted under the revised rule** when relevant and proportional to the needs of the case.

Fed. R. Civ. P. 26, Committee Note (emphasis added).

Plaintiff appears to be operating under the false impression that the possibility of "punitive damages" is a talisman whose invocation automatically satisfies the amount in controversy requirement as a matter of law. While Plaintiff's admission that he lacks any evidence of actual damages is a significant concession, his intent to rely solely on nominal and punitive damages to satisfy the amount-in-controversy requirement raises several issues that make the contested interrogatories all the more important.

Because plaintiff must rely almost completely on the prospect of punitive damages to clear the jurisdictional hurdle, the Court must give much greater attention to the factors that limit a plaintiff's potential ability to recover punitive damages where there are no actual damages. The South Carolina Supreme Court's 2009 ruling in *Mitchell, Jr. v. Fortis* provides a useful roadmap, and relies on the "three guideposts" identified by the United States Supreme Court in *BMW of North America v. Gore*: "(1) the degree of reprehensibility of the defendant's conduct; (2) the disparity between the actual and potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *Mitchell, Jr. v. Fortis Ins. Co.*, 385 S.C. 570, 585, 686 S.E.2d 176, 184, 2009 WL 2948558 (2009) (citing *BMW of North America v. Gore*, 517 U.S. 559, 575 (1996)).

In analyzing whether an award of punitive damages is constitutionally valid, courts consider not only facts regarding the defendant and his or her actions, but also the plaintiff. For example, in evaluating "reprehensibility," the court considers, among other things, "whether: . . . the harm caused was physical as opposed to economic . . . [and whether] the target of the conduct had financial vulnerability." *Mitchell, Jr.*, 686 S.E.2d at 187 (citing *State Farm v. Campbell*, 538 U.S. 408, 419 (2003). These are precisely the type of facts that Ms. Gari's interrogatories seek to discover. Additionally, the Court must "consider the disparity between the actual or potential harm

suffered by the plaintiff and the amount of the punitive damages award." *Mitchell, Jr.*, 686 S.E.2d at 185. In some cases, courts may also "consider the magnitude of the potential harm that the defendant's conduct would have caused to its intended victim if the wrongful plan had succeeded." *Id.* at 187 (quoting *TXO Prod. Corp. v. All. Resources Corp.*, 509 U.S. 443, 460 (1993)).

While "the Supreme Court has 'been reluctant to identify concrete constitutional limits on the ratio between harm, or potential harm, to the plaintiff and the punitive damages award,' . . . the Court has remarked that 'in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.'" *Id.* at 185. (quoting *Campbell,* 538 U.S. at 425). Thus, even if Plaintiff intends to rely almost entirely on the possibility of punitive damages to satisfy the amount-in-controversy, the nature and extent of the harm or potential harm he faces as a result of the alleged defamation is relevant to whether it is possible for him to recover in excess of $75,000.

Given Plaintiff's concession that he has no proof of actual damages and the statements that Plaintiff has made about his own treatment of women and his "anti-fragile" reputation, there is a fair and significant question whether there is any way Plaintiff can recover more than $75,000 in this action, and the contested interrogatories are relevant to this question. Interrogatories 2 and 3 seek information relevant to whether the allegedly defamatory statements have had any impact on plaintiff's reputation, which is clearly relevant to damages in a defamation case.[1] These interrogatories also seek leads for other potential witnesses who Ms. Gari's counsel may attempt to interview. Interrogatories 4 and 5 seek information regarding groups or employers that Plaintiff

---

[1] *See Monitor Patriot Co. v. Roy*, 401 U.S. 265, 275 (1971) ("[D]amage to reputation is, of course, the essence of libel."); *Capps v. Watts*, 271 S.C. 276, 283, 246 S.E.2d 606, 610 (1978) ("The essence of a defamation suit is recovery for injury to reputation."); *Zeran v. Diamond Broadcasting, Inc.*, 203 F.3d 714, 719 (10th Cir. 2000) ("Plaintiff's defamation claim fails because Plaintiff has not shown that any person thinks less of him, Kenneth Zeran, as a result of the broadcast.").

has associated with, which is relevant to his reputation, and also provides leads for other potential witnesses who Ms. Gari's counsel may seek to interview. Interrogatory 6 is relevant to establishing Plaintiff's citizenship and also may provide leads for other potential witnesses who Ms. Gari's counsel may seek to interview. Interrogatories 7 and 8 seek information about other litigation or criminal proceedings Plaintiff may have been involved with, which is clearly material to his reputation and may provide leads for other potential witnesses whom Ms. Gari's counsel may seek to interview.

Regarding Interrogatory 9, Ms. Gari is willing to enter into a consent confidentiality agreement with Plaintiff to protect the information sought from being disclosed outside of this litigation. Ms. Gari does believe that the information sought in Interrogatory 9 is relevant to subject matter jurisdiction because it will likely identify other potential witnesses who Ms. Gari's counsel may seek to interview regarding the claims Plaintiff makes in <u>Bang Iceland</u>, which are relevant both to his overall reputation and to the way he is regarded in the country where he is alleged to have committed rape.

Interrogatories 10-13 seek information about Plaintiff's economic and physical condition, which, as noted above, is relevant to any assessment of reprehensibility in a punitive damages analysis. Moreover, the information sought is particularly relevant given Plaintiff's claims regarding his "anti-fragile" condition.

Finally, Plaintiff's hyper-technical method of counting interrogatories is absurd, particularly in light of the fact that the substantive portion of the few interrogatories Plaintiff did answer could probably fit on a single page. As this Court has noted, "[a]n interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question for purposes of limits on interrogatories." *Nix v. Holbrook*, CIV.A. 5:13-02173, 2015 WL 733778, at *4 n.1 (D.S.C. Feb. 20, 2015) (quoting *Mezu v. Morgan State Univ.*, 269 F.R.D. 565,

572–73 (D. Md. 2010) and 8A Charles Alan Wright et. al., *Federal Practice and Procedure* § 2168 (2d ed.1994)).

### CONCLUSION

For the reasons set forth above, Ms. Gari respectfully requests that the Court deny Plaintiff's motion for a protective order, overrule Plaintiff's objections to Ms. Gari's interrogatories, and instruct Plaintiff to fully answer the interrogatories by Friday, March 24, so Ms. Gari's counsel may have adequate time to review the responses prior to his upcoming deposition, which is currently scheduled for March 29. Ms. Gari also respectfully requests that the Court instruct Plaintiff to notify Ms. Gari's counsel whether he plans to attend his noticed deposition within 24 hours of receiving the Court's order on the outstanding interrogatories.

Respectfully Submitted,

**WYCHE, P.A.**

s/Wallace K. Lightsey
Wallace K. Lightsey (D.S.C. Id. No. 1037)
Christopher B. Schoen (D.S.C. Id. No. 11421)
44 East Camperdown Way
Greenville, S.C. 29601
Telephone: 864-242-8200
Telecopier: 864-235-8900
Email: wlightsey@wyche.com; cschoen@wyche.com

John C. Moylan, III (D.S.C. Id. No. 5431)
801 Gervais St., Ste. B
Columbia, SC 29201
Telephone:  803-254-6542
Telecopier:  803-254-6544
Email:  jmoylan@wyche.com

March 16, 2017                    *ATTORNEYS FOR THIRD-PARTY JANE GARI*