# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| DARYUSH VALIZADEH, an individual, ) | |
| ) | Case No. 3:16-cv-03098-MGL |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JANE DOE, a/k/a "Susan"; and JOHN ) | **MOTION TO DISMISS** |
| AND JANE DOES 2-10, all whose true ) | **WITHOUT PREJUDICE** |
| names are unknown, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, Daryush Valizadeh (hereinafter referred to as "Valizadeh" or "Plaintiff") is compelled to move this Court to dismiss this matter for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.,* 873 F.2d 1221, 1225 (9th Cir. 1989). In this case, Valizadeh is compelled to state that he is unable to overcome this presumption.

Third-Party Witness Jane Gari ("Gari") served interrogatories to Plaintiff as there was doubt in the Court's mind as to the actual damages suffered by Valizadeh. At the time of filing the complaint, Valizadeh had a good faith belief that he could prove the requisite amount-in-controversy requirement through a combination of nominal and punitive damages. However, this Court has made it clear that Valizadeh was mistaken in his belief that nominal plus punitive damages are insufficient to sustain federal jurisdiction, and Valizadeh defers to this Court's

wisdom in so ruling.  Accordingly, in responding to the discovery inquiries, Valizadeh has made a thorough investigation into his *actual* damages (which was unnecessary in his mind pre-filing, given his intent to rely on punitive damages to reach the amount in controversy).  In doing so, he has come to the conclusion that he cannot provide any evidence to prove more than $75,000 in actual damages sufficient to sustain federal jurisdiction.[1]  Even Gari recognizes as much.[2]

As the Supreme Court recognized, "[a] litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action".  *Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S. Ct. 906, 915 (2004).  Valizadeh does not bring any claims where he can prove actual damages in excess of $75,000, thus he is compelled to inform the court that it lacks subject matter jurisdiction.  Not only can Valizadeh bring this to the Court's attention, but is of the view that Rule 12(h) compels him to do so.

Since Valizadeh has now determined that he cannot continue to claim subject matter jurisdiction, he must bring this to the Court's attention.  The Court must determine only the issue of subject matter jurisdiction; once the Court is divested "of all jurisdiction in the case" it is "preclude[d] from entertaining any further proceedings of any character".  *Barlow v. Colgate Palmolive Co.*, 750 F.3d 437, 442 (4th Cir. 2014) quoting *Three J Farms, Inc. v. Alton Box Bd. Co.*, 609 F.2d 112, 115 (4th Cir. 1979).

However, if the Court were to exercise hypothetical jurisdiction, Valizadeh is compelled to bring it to the Court's attention that he was unable to serve any defendants before the

---

[1] Although Gari claimed her interrogatories are a "tailored version of the type of interrogatories typically used to evaluate a plaintiff's damages in a defamation case" (Dkt. No. 48 at p. 2), Plaintiff's concession as to lack of proof of damages dispenses with all of them.

[2] See Dkt. No. 48 at p. 5 ("Given Plaintiff's concession that he has no proof of actual damages and the statements that Plaintiff has made about his own treatment of women and his "anti-fragile" reputation, there is a fair and significant question whether there is any way Plaintiff can recover more than $75,000 in this action").

March 10, 2017 extended deadline. (Dkt. No. 16). Thus, Valizadeh also lacks the ability to proceed under Fed. R. Civ. P. 4(m).

WHEREFORE Plaintiff timely brings the matter of a lack of subject matter jurisdiction to this Court's attention, and the matter must be dismissed per Fed. R. Civ. P. 12(h)(3) and Fed. R. Civ. P. 4(m).

Dated: March 16, 2017.

Respectfully Submitted,

/s/ J. Paul Porter
J. Lewis Cromer (#362)
J. Paul Porter (#11504)
CROMER BABB PORTER & HICKS, LLC
1418 Laurel Street, Ste. A
Post Office Box 11675
Columbia, SC 29211
Phone  803-799-9530
Fax     803-799-9533
Email: <paul@cbphlaw.com>

Jay M. Wolman, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: 702-420-2001
Fax: 305-437-7662
Email: <ecf@randazza.com>

LaTeigra C. Cahill, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan way
Las Vegas, NV 89147
Tel: 702-420-2001
Fax: 305-437-7662
Email: <ecf@randazza.com>

ATTORNEYS FOR PLAINTIFF,
DARYUSH VALIZADEH

- 4 -

Civil Action No. 3:16-cv-03098-MGL

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23th day of March, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ J. Paul Porter
J. Paul Porter