IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DARYUSH VALIZADEH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JANE DOE, a/k/a "Susan"; and JOHN AND JANE DOES 2-10, all whose true names are unknown,<br><br>Defendants. | Civil Action No. 3:16-CV-03098-MGL<br><br>**THIRD-PARTY JANE GARI'S MOTION TO RECONSIDER NON-PREJUDICIAL EFFECT OF DISMISSAL, TO DISMISS WITH PREJUDICE, AND TO IMPOSE SANCTIONS** |

Third-Party Jane Gari ("Ms. Gari") respectfully moves the Court to reconsider the statement in the Judgment of Dismissal (Docket # 53) that the dismissal of Plaintiff's action is without prejudice, to vacate its order granting Plaintiff's motion to dismiss (Docket # 52) and enter a new order dismissing this action with prejudice pursuant to Rule 41, FRCP, and to impose sanctions against Plaintiff and his attorneys pursuant to the Court's inherent authority.

The Judgment entered by the Court was made upon the granting of Plaintiff's motion to dismiss for lack of subject matter jurisdiction (Docket # 51). In that motion, Plaintiff's asserted basis for dismissal is the following statement:

> At the time of filing the complaint, Valizadeh had a good faith belief that he could prove the requisite amount-in-controversy requirement through a combination of nominal and punitive damages. However, this Court has made it clear that Valizadeh was mistaken in his belief that nominal plus punitive damages are insufficient [*sic*] to sustain federal jurisdiction … [I]n responding to the discovery inquiries, Valizadeh has made a thorough investigation into his *actual* damages (which was unnecessary in his mind pre-filing, given his intent to rely on punitive damages to reach the amount in controversy). In doing so, he has come to the conclusion that he cannot provide any evidence to prove more than $75,000 in actual damages sufficient to sustain federal jurisdiction.

1

*Id.* at 1-2.[1]

  This purported rationale is patently disingenuous.  It is perfectly obvious that the Plaintiff has come to regret filing suit in federal court, is unhappy with this Court's rulings against him, will do anything necessary to avoid being questioned under oath as ordered by the Court on January 30, 2017 (Docket #39), and now wishes to dismiss the action <u>on his own initiative</u> so that he may continue to harass Ms. Gari via new litigation in state court.  However, because he has previously taken one voluntary dismissal (in the prior action he filed in the District of South Dakota), a second voluntary dismissal operates as an adjudication on the merits under Rule 41(a)(1)(B).  The Plaintiff should not be allowed to circumvent this provision of Rule 41 by the simple expedient of claiming that he has now seen the light and decided that he cannot prove actual damages sufficient to meet the amount in controversy.

  The Court should rule that this dismissal was taken at the Plaintiff's initiative and upon his own request – because it was – and therefore it is a voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) and is not "without prejudice."  Further, because Plaintiff and his attorneys filed suit on the <u>express</u> ground that Plaintiff's <u>actual injury</u> from the alleged defamation exceeded $75,000, and have now asked the Court to dismiss the action on a basis flatly inconsistent with

---

[1] The statement quoted above is based on a mischaracterization of the Court's prior rulings and the law, and seeks to avoid complying with the Court's order granting limited discovery, while also limiting the preclusive effect Plaintiff's concession may have in the future.  Plaintiff does not concede that he cannot establish actual damages, only that he cannot produce evidence of "more than $75,000 in actual damages sufficient to sustain federal jurisdiction."  Neither the Court nor Ms. Gari have ever suggested that Plaintiff must be able to provide evidence to prove more than $75,000 in actual damages in order to sustain federal jurisdiction.  Rather Ms. Gari questioned whether the Court has jurisdiction where Plaintiff can prove <u>no actual damages</u> because he is libel proof, and the Court granted discovery on this issue.  Plaintiff is not conceding that he is libel-proof, which is the type of concession or conclusion that Ms. Gari is arguing would prevent the Court from exercising jurisdiction over the case.

their pleading – after stringing the Court and Ms. Gari through multiple, vexatious proceedings – the Court should award sanctions pursuant to its inherent authority.

In <u>direct contradiction</u> to the Plaintiff's representations to the Court in the motion to dismiss, Plaintiff's Complaint alleges the following:

> 29.   Jane Doe's statements regarding Mr. Valizadeh … impeach his integrity and reputation. …
>
> 30.   Such allegation … reduces his reputation in the estimation of the public.
>
> 31.   Defendant's false statements … injure Plaintiff with regard to his business. …
>
> 36.   As a direct and proximate result of Defendant's acts, Mr. Valizadeh <u>has been injured in amounts exceeding $75,000</u> exclusive of interest and costs.

Complaint paras. 29-31, 36 (emphasis added) (Docket #1).

In short, Plaintiff's Complaint clearly and unambiguously alleges <u>actual injury</u> in excess of $75,000 as the basis for meeting the jurisdictional amount in controversy.[2]  Likewise, in arguing against Ms. Gari's opposition to his motion for early discovery, Plaintiff asserted:

> Plaintiff's publications and market appeal are grounded on his ability to persuade without the use of force.  If he is deemed a rapist, his reputation and, likely, book sales would plummet – and further, his international travels could be curtailed.  The damage is real, and jury verdicts of *less than* $75,000 are difficult to find in similar cases.

Reply in Support of *Ex Parte* Motion for Leave To Take Early Discovery, at 10 (Docket #29).

It was not until it became clear that the Court was going to allow Ms. Gari to depose the Plaintiff to test his claim of injury to his reputation and business that the Plaintiff began to assert that he had no proof of economic loss and that nominal and punitive damages sufficed to satisfy

---

[2] Plaintiff made the same allegations as the basis for jurisdiction in the action he filed in South Dakota.  *See* Complaint, para. 26, *Valizadeh v. Doe*, C.A. No. 5:16-05020 (D.S.D. Mar. 30, 2016) (Docket #1).

3

the jurisdictional requirement. Plaintiff's flagrant self-contradiction demonstrates beyond dispute that he either brought this suit in bad faith in the first place, or that he is acting in bad faith in asking for dismissal of the action on the grounds asserted. Either way, it is undeniable that Plaintiff has pursued this action in bad faith and has been dishonest with the Court. The Court has broad, inherent authority to sanction such conduct. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *cf.* Rule 11(b), FRCP ("By presenting to the court a pleading, written motion, or other paper … an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: … the factual contentions have evidentiary support.").

For the reasons stated above, Ms. Gari respectfully moves the Court to do the following:

1. Reconsider and vacate the order granting Plaintiff's motion to dismiss and the judgment of dismissal without prejudice;

2. Enter a new order finding that Plaintiff has voluntarily dismissed this action pursuant to Rule 41(a)(1)(A)(i), and enter a judgment of dismissal with prejudice; and

3. Find that Plaintiff has acted in bad faith and for vexatious purposes, and impose such sanctions as the Court deems appropriate pursuant to its inherent authority.

The undersigned have endeavored to present this motion to the Court quickly. If the Court so desires, the undersigned would welcome the opportunity to provide further briefing on the legal support for the relief requested herein.

Pursuant to Local Rule 7.02(D), the undersigned has not attempted to confer with opposing counsel concerning this motion.

Respectfully Submitted,

**WYCHE, P.A.**

s/Wallace K. Lightsey
_____
Wallace K. Lightsey (D.S.C. Id. No. 1037)
Christopher B. Schoen (D.S.C. Id. No. 11421)
44 East Camperdown Way
Greenville, S.C. 29601
Telephone: 864-242-8200
Telecopier: 864-235-8900
Email: wlightsey@wyche.com; cschoen@wyche.com


John C. Moylan, III (D.S.C. Id. No. 5431)
801 Gervais St., Ste. B
Columbia, SC 29201
Telephone: 803-254-6542
Telecopier: 803-254-6544
Email: jmoylan@wyche.com

John S. Nichols (D.S.C. No. 2535)
Bluestein Nichols Thompson & Delgado, LLC
Post Office Box 7965
Columbia, South Carolina 29202
Telephone:  803-779-7599
Telecopier:  803-779-8995
Email:  jsnichols@bntdlaw.com

**Attorneys for Third-Party Jane Gari**

March 24, 2017