# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| DARYUSH VALIZADEH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JANE DOE, a/k/a "Susan"; and JOHN AND JANE DOES 2-10, all whose true names are unknown,<br><br>Defendants. | Civil Action No. 3:16-CV-03098-MGL<br><br>**MEMORANDUM OF<br>THIRD-PARTY JANE GARI<br>IN SUPPORT OF HER MOTION<br>TO RECONSIDER NON-PREJUDICIAL<br>EFFECT OF DISMISSAL,<br>TO DISMISS WITH PREJUDICE, AND<br>TO IMPOSE SANCTIONS** |

With leave graciously allowed by the Court (Docket #55), Third-Party Jane Gari ("Ms. Gari") respectfully submits this memorandum in support of her motion to reconsider the non-prejudicial effect of the dismissal of this action, to dismiss with prejudice, and to impose sanctions against Plaintiff and his attorneys pursuant to the Court's inherent authority.

Plaintiff's motion to dismiss and Ms. Gari's motion to reconsider raise four questions for the Court to decide:

First, does Plaintiff's concession – that he "cannot provide any evidence to prove more than $75,000 in actual damages sufficient to sustain federal jurisdiction"[1] – divest the Court of subject matter jurisdiction so as to justify dismissal? For the reasons stated below, the answer to this question is clearly "No."

Second, since Plaintiff's concession does not divest the Court of subject matter jurisdiction, is the Court obligated to grant Plaintiff's request to dismiss the action without prejudice? Again, the answer is clearly "No."

---

[1] Motion To Dismiss Without Prejudice, at 2 (Docket # 51).

1

Third, is Plaintiff's action subject to dismissal without prejudice under Federal Rule of Civil Procedure 4(m) as a result of Plaintiff's failure to serve the Defendants within 90 days, or should his efforts to have the case dismissed be treated as a second voluntary dismissal under Federal Rule of Civil Procedure 41?  As discussed below, Rule 4(m) is not applicable here, and even if it were, Plaintiff should not be permitted to use it in order to circumvent Rule 41.  In the event that Plaintiff prefers dismissal to complying with the Court's discovery orders, such dismissal should be construed as voluntary and with prejudice.

Fourth, do the Plaintiff's actions in this case justify sanctions pursuant to the Court's inherent authority?  Obviously, this is a matter within the Court's discretion, but it is clear that the law and the facts would support such sanctions in this case.

1. **Plaintiff's concession regarding his damages in his recent motion does not in and of itself justify dismissal for lack of subject matter jurisdiction.**

As Plaintiff has pointed out, the rule under *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938), is that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  We have challenged the amount in controversy for two related reasons.  First, in light of Plaintiff's public statements about the "anti-fragile" nature of his reputation and his self-published admission of acts of sexual battery that most people would consider equivalent to rape, along with his determination to avoid appearing to answer questions from Ms. Gari or the courts, we have questioned whether the damages he has claimed have been asserted in good faith or whether he has ulterior motives for bringing this case.  Second, we have raised the possibility that he is libel-proof – which could create "a legal certainty" that his claims cannot satisfy the jurisdictional amount.  The discovery

that we requested, and that the Court ordered, was intended to explore these issues as they bear on the jurisdictional amount in controversy.

Plaintiff has not conceded that he is pursuing this action for ulterior purposes, that he is libel-proof, or that he cannot establish <u>any</u> actual damages.  Consequently, his statement that he cannot provide evidence to show $75,000 dollars in actual damages does not create the legal certainty that requires dismissal for lack of subject matter jurisdiction.  For example, hypothetically, Plaintiff's concession would not preclude him from offering evidence sufficient to sustain a verdict of $50,000 in actual damages and $26,000 in punitive damages – or any other combination of actual damages less than $75,000 plus punitive damages of an amount sufficient to meet the jurisdictional minimum without violating due process constraints on the ratio of punitive damages to actual damages.  Clearly, therefore, the Plaintiff cannot destroy subject matter jurisdiction simply by asserting that he cannot prove actual damages of $75,000.

This is not to say that, with the benefit of the discovery ordered by the Court, Ms. Gari could not make the type of showing that would require dismissal for lack of subject matter jurisdiction – only that Plaintiff's concession does not do so.  Indeed, Plaintiff does not dispute that discovery may be ordered regarding subject matter jurisdiction and that the facts uncovered by such discovery may be relevant to a determination of whether the amount in controversy may be satisfied by punitive damages.  *See* Pl's. Supp. Mem in Lieu of Joint Status Report, at 3 (Docket # 38) (citing *Central Wesleyan College v. W.R. Grace & Co.*, 143 F.R.D. 628, 643 (D.S.C. 1992)).  What Plaintiff objects to is the fact that the Court has elected to allow Ms. Gari to proceed with discovery of Plaintiff instead of the other way around.  *See id.*

Even if Plaintiff's motion were in good faith, therefore, it would not justify dismissal for lack of subject matter jurisdiction.  Beyond that, it is quite obvious that the motion has not been

3

made in good faith.[2] As our motion points out, Plaintiff is seeking to avoid complying with the Court's order granting limited discovery, while also limiting the preclusive effect that his concession may have in the future. In other words, he is trying to play games with the Court. He does not like where he is in this litigation, and he has attempted to trick the Court into dismissing the action without prejudice so that he may begin anew in another forum.

Accordingly, without the benefit of the limited discovery the Court has ordered to determine whether the Plaintiff can satisfy the amount-in-controversy requirement, the Court should not dismiss for lack of subject matter jurisdiction based on Plaintiff's concession.

2. **The Court is not obligated to grant Plaintiff's request to dismiss this action without prejudice so that he may engage in forum shopping.**

It is well settled that a plaintiff is not entitled to dismissal in order to avoid an adverse ruling or to engage in forum shopping.

- "A party may not dismiss simply to avoid an adverse decision or seek a more favorable forum." *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005).

- "The desire to avoid an adverse judgment is not a sufficient reason to warrant dismissal." *Mt. Pure LLC v. Bank of Am., N.A.*, 4:02CV00100JLH, 2008 WL 1913529, at *3 (E.D. Ark. Apr. 28, 2008).

- "The procedural mechanism by which Plaintiff has sought dismissal of this action is Rule 41(a). However, a Rule 41(a) dismissal should not be granted if it is sought to avoid an adverse decision, to seek more a favorable forum, or to avoid compliance with a court order. 35B C.J.S. Fed. Civ. P. § 751 (2009). In other words, Rule 41(a) is a plaintiff's

---

[2] Plaintiff's discussion of how he reached the conclusion that he lacks subject matter jurisdiction is a case study in misdirection. Over the course of two short paragraphs, Plaintiff goes from the unremarkable conclusion that seeking nominal and punitive damages is not always sufficient to satisfy the amount in controversy, to the baseless suggestion that jurisdiction is lacking if he cannot prove an excess of $75,000 in actual damages alone. *See* Motion to Dismiss, at 1 (Docket # 51) ("[T]his Court has made it clear that Valizadeh was mistaken in his belief that nominal plus punitive damages are insufficient [*sic*] to sustain federal jurisdiction .... Valizadeh does not bring any claims where he can prove actual damages in excess of $75,000, thus he is compelled to inform the court that it lacks subject matter jurisdiction.") Neither Ms. Gari nor the Court have ever suggested that Plaintiff must be able to establish an excess of $75,000 in actual damages alone. The predicate of Plaintiff's argument is a strawman.

> vehicle to back-out of an action in good faith; it is not properly a mechanism for procedural gamesmanship or to gain strategic advantage in the course of litigation." *Levine v. Voorhees Bd. Of Educ.*, CIV. 07-1614 RMB, 2009 WL 2424687, at *3 (D.N.J. Aug. 6, 2009).

- "Plaintiff has failed to provide any plausibly legitimate reason for seeking a Rule 41(a) dismissal, particularly in light of the fact that he intends to pursue his claims in another forum. The Court is therefore left to conclude that Plaintiff employs Rule 41(a) to gain strategic advantage over his adversary, either by further delaying resolution of this litigation (thus avoiding compliance with the Court's scheduling orders), or by seeking another judge in hopes of getting legal rulings more favorable to his case. The Court cannot countenance either litigation tactic. *See In re BellSouth Corp.,* 334 F.3d 941, 958 (11th Cir.2003) (holding generally that judge-shopping is 'subject to universal condemnation' and 'constitutes a threat to the orderly administration of justice'); *In re Akros Installations, Inc.,* 834 F.2d 1526, 1532 (9th Cir.1987) (describing delay as an 'abusive litigation tactic')." *Levine v. Voorhees Bd. Of Educ.*, CIV. 07-1614 RMB, 2009 WL 2424687, at *4 (D.N.J. Aug. 6, 2009).

- "[P]laintiff's attempt to use a Rule 41(a) non-prejudicial dismissal to avoid the consequences of an adverse ruling resulting from its lack of diligence in discovery **is a decisive factor** weighing against non-prejudicial dismissal." *Teck Gen. Partn. V. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 992 (E.D. Va. 1998) (emphasis added). In a footnote appended to the foregoing quoted text, the court noted that "harm of this nature cannot be addressed through the award of costs or the imposition of conditions upon dismissal." *Id. at* 992 n.8.

- "[V]oluntary dismissal is inappropriate here in light of plaintiff's failure to comply with the court's discovery order and defendants' motion for sanctions requesting drastic sanctions. It appears that plaintiff is attempting to use the voluntary dismissal without prejudice as a tactic to avoid an adverse ruling." *Hall v. Arlington County, Virginia*, 1:13-CV-656-AJT-TRJ, 2014 WL 12521382, at *5 (E.D. Va. Mar. 14, 2014), *report and recommendation adopted sub nom. Hall v. Arlington County*, 113CV656AJTTRJ, 2014 WL 12524651 (E.D. Va. Apr. 8, 2014), *aff'd sub nom. Hall v. Arlington County, Va.*, 585 Fed. Appx. 52, 2014 WL 5369889 (4th Cir. 2014) (unpublished).

In short, Mr. Valizadeh is not the first plaintiff to seek a dismissal after deciding mid-stream that he would be better off with a different judge in a different court. The federal courts have uniformly condemned such gamesmanship and refused to allow dismissal to be taken without prejudice in these circumstances.

### 3. Dismissal is not Warranted Under Rule 4(m), and, if Permitted, Should Be Construed as Voluntary and With Prejudice.

This is the second time that Mr. Valizadeh has sought to switch to a different judge and forum because he was unhappy with the court's rulings against him. That is exactly what he did in the suit he brought in South Dakota last year. He should not be allowed to do so again, in circumvention of Rule 41, in order to engage in judge- and forum-shopping.

As discussed above, the Court cannot dismiss for lack of subject matter jurisdiction based on Plaintiff's concession regarding damages, and it should not allow Plaintiff to use Rule 4(m) to avoid the consequences of what is, in reality, a second voluntary dismissal. The reason that Plaintiff has completely reversed his position on subject matter jurisdiction, declined to ask the Court for additional time to identify and serve the Defendants, and stipulated to dismissal under Rule 4(m) is because he previously voluntarily dismissed the South Dakota action, and, pursuant to Rule 41(a)(ii)(B), a second voluntary dismissal is presumed to be **with prejudice.** In short, having exhausted his opportunity to dismiss voluntarily, Plaintiff is now trying to create deficiencies in his own case to trigger a dismissal without prejudice so he can avoid the Court's discovery orders and take a third bite at the apple in state court.

Plaintiff's motion to dismiss without prejudice pursuant to Rule 4(m) should be rejected because, by its very terms, Rule 4(m) does not apply to service in a foreign country. The Rule "recognize[s] that the timeliness of foreign service is often out of the plaintiff's control." *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005). As Ms. Gari firmly believes that the Defendants, including her Icelandic source, Susan, live in Europe, she can hardly seek to enforce a rule that applies only where the plaintiff is serving parties within the United States. While the Court may ultimately dismiss an action for failure to serve a party in a foreign jurisdiction for failure to prosecute, the 90-day time limit in Rule 4(m) does not apply. It is a fair

question why Plaintiff would ignore an exception that is not only tailor-made for his situation, but also written into the very language of the rule, if he were not trying to use Rule 4(m) to make an end-run around Rule 41 so that he may shop for another judge who is more to his liking.

Plaintiff should not be allowed to manipulate Rule 4(m) to circumvent Rule 41's limitations on repeated voluntary dismissals and avoid this Court's discovery orders. If Plaintiff maintains his motion for dismissal on the grounds that he has failed to serve the Defendants within the required period, such a dismissal should be treated as a voluntary dismissal with prejudice because Plaintiff is seeking to have the case dismissed in order to avoid complying with the discovery the Court has ordered as a prerequisite for the considering Plaintiff's motion for early discovery – which is ostensibly for the purpose of allowing Plaintiff to identify the Defendants.[3]

It is perfectly obvious what is going on here. All we are asking, with great respect, is that the Court address this situation in terms of the reality of it, and not the preposterous charade that the Plaintiff is trying to act out. If this case is to be dismissed at this time, it is because the Plaintiff wants the suit dismissed, on his terms, and with none of the negative repercussions that would ordinarily accompany a concession that he is libel-proof or a finding by the Court that he cannot meet the amount in controversy requirement. Accordingly, Plaintiff's motion to dismiss

---

[3] In this regard, it is also worth noting what the District Court for the District of South Dakota said about Plaintiff's argument for early discovery in that case: "Plaintiff has failed to adequately articulate the steps he has taken to obtain the identity of the unknown defendants. … Based on this limited showing, Mr. Valizadeh requests leave to take multiple depositions and to serve multiple rounds of subpoenas without regard to any prejudice which might befall the responding parties. **More information is required to determine whether Mr. Valizadeh has satisfied the good cause standard for early discovery**…." Order, at 4 (D.S.D. June 24, 2016) (Docket # 12) (emphasis added). These statements are of greater significance today since Plaintiff was told last year he needed to demonstrate more effort on his part to identify the unknown Defendants before using the might of the federal courts to do his work for him. Instead of following the South Dakota Court's direction, Plaintiff pulled up anchor and took his fishing expedition to South Carolina. Now he seeks to do the same again.

7

for lack subject matter jurisdiction or failure to serve should be denied for now, and Plaintiff directed to go through with the discovery that this Court has ordered **on multiple occasions**. If Plaintiff still prefers to dismiss his case rather than comply with the Court's orders, the dismissal should be designated as what it truly is – a voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) – and accorded the prejudicial effect prescribed by the rule.

4. **The Court has broad inherent authority to impose sanctions in the circumstances here presented, and would be justified in doing so.**

Plaintiff's representation to the Court that he has just realized he cannot prove subject matter jurisdiction is a flagrant prevarication, flatly contradicted by his own prior statements in the record. The Court is well within its discretion in imposing such sanctions as it deems appropriate.

In moving to dismiss, Plaintiff states that, "**[a]t the time of filing the complaint**, Valizadeh had a good faith belief that he could prove the requisite amount-in-controversy requirement through a combination of nominal and punitive damages. However, … he has come to the conclusion that he cannot provide any evidence to prove more than $75,000 in actual damages sufficient to sustain federal jurisdiction." Motion To Dismiss, at 1-2 (emphasis added).

This statement to the Court – the basis of Plaintiff's request to the Court to dismiss this action for lack of subject matter jurisdiction – simply cannot be reconciled with the allegations of the Complaint and other filings by Plaintiff.

> As a direct and proximate result of Defendant's acts, Mr. Valizadeh **has been injured in amounts exceeding $75,000** exclusive of interest and costs.

Complaint para. 36 (emphasis added) (Docket #1).

> If he is deemed a rapist, his reputation and, likely, book sales would plummet – and further, his international travels could be curtailed. **The damage is real, and jury verdicts of less than $75,000 are difficult to find in similar cases**.

8

Reply in Support of Ex Parte Motion for Leave to Take Early Discovery, at 10 (Docket #29) (emphasis added).

> Mr. Valizadeh has been accused of a horrible crime and may similarly be awarded well in excess of $75,000 punitive damages.

Pl's. Supp. Mem in Lieu of Joint Status Report, at 3 (Docket # 38).

> In light of the **ongoing harm that Defendants' actions and statements are causing Plaintiff,** he respectfully requests that this Court decide this Motion on an expedited basis.

*Ex Parte* Motion for Leave To Take Early Discovery, at 1 (Docket #5) (emphasis added).

In short, Plaintiff's Complaint clearly and unambiguously alleges **actual injury** in excess of $75,000 as the basis for meeting the jurisdictional amount in controversy,[4] and he repeated his claim of **substantial actual injury** in multiple subsequent filings – up until the Court decided to allow Ms. Gari to depose the Plaintiff to test his claim of injury to his reputation and business and rejected Plaintiff's multiple efforts to change or evade the Court's decision.

Again, it is perfectly clear what is going on here. Plaintiff is playing games with the Court. He either brought this suit in bad faith in the first place, or else he is acting in bad faith in asking for dismissal of the action on the grounds asserted. Either way, it is undeniable that Plaintiff has pursued this action in bad faith and has been dishonest with the Court. Furthermore, as this Court is aware, Plaintiff has forced Ms. Gari to respond to and the Court to resolve a

---

[4] Plaintiff made the same allegations as the basis for jurisdiction in the action he filed in South Dakota. *See* Complaint, para. 26, *Valizadeh v. Doe*, C.A. No. 5:16-05020 (D.S.D. Mar. 30, 2016) (Docket #1). Rule 11, Fed. R. Civ. P., mandates that a party have a plausible factual basis for factual allegations in the complaint. Here, Plaintiff has twice asserted affirmatively in federal court – once in South Dakota and a second time in South Carolina – that he suffered at least $75,000 **in actual damages**. He now admits those statements had no factual basis, much less any plausible foundation, because through the introspection forced by Ms. Gari's efforts to obtain discovery he now realizes he does not have $75,000 in damages. Rule 11 is designed to prevent this kind of frivolous and abusive pleading. Parties and their lawyers are supposed to have a belief anchored in facts before hailing a defendant before the court. This is especially true when the Plaintiff uses the Court's procedures to harass a third party like Ms. Gari.

9

series of baseless motions, including a motion to disqualify her counsel, a motion to strike one of her submissions and to sanction her counsel, and a motion to reconsider the deposition permitted by the Court, all of which were denied.[5]  In numerous instances where the Court has instructed the parties to confer in good faith to resolve disputed matters, Plaintiff refused to make any meaningful concessions.  Finally, Plaintiff now warns the Court that forcing him to comply with its order to submit to a deposition "will necessitate suspensions and judicial rulings at every question" resulting in a waste of judicial resources.  Pl's. Reply to Gari's Opp'n to Mot. For Protective Ord. and for Reconsid., at 1 n.3 (Docket # 49).  At every turn, Plaintiff has made this litigation as contentious and burdensome as possible.  And Plaintiff now wants to start the process all over again, in yet another forum – for the third time.

The Court has broad, inherent authority to sanction such conduct.  *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *Adams v. United Services Automobile Assn.*, 2:14-CV-02013, 2016 WL 4129115, at *5 (W.D. Ark. Aug. 3, 2016) (relying on the Court's inherent authority to sanction a party for "**mid-litigation forum shopping**.") (emphasis added); *cf.* Rule 11(b), Fed. R. Civ. P. ("By presenting to the court a pleading, written motion, or other paper … an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: … the factual contentions have evidentiary support.").

For the reasons stated above, Ms. Gari respectfully asks that the Court grant her motion to reconsider, hold that Plaintiff has voluntarily dismissed this action pursuant to Rule 41(a)(1)(A)(i), and enter a judgment of dismissal with prejudice.  Ms. Gari further asks the Court

---

[5] Plaintiff's Motion to Reconsider was denied as it pertained to his deposition, and the Court was considering the motion with regard to the interrogatory responses at the time Plaintiff moved for dismissal.

to find that Plaintiff has acted in bad faith and for vexatious purposes, and to impose such sanctions as the Court deems appropriate pursuant to its inherent authority.

>Respectfully Submitted,
>
>**WYCHE, P.A.**
>
>s/Wallace K. Lightsey
>
>Wallace K. Lightsey (D.S.C. Id. No. 1037)
>Christopher B. Schoen (D.S.C. Id. No. 11421)
>44 East Camperdown Way
>Greenville, S.C. 29601
>Telephone: 864-242-8200
>Telecopier: 864-235-8900
>Email: wlightsey@wyche.com; cschoen@wyche.com
>
>
>John C. Moylan, III (D.S.C. Id. No. 5431)
>801 Gervais St., Ste. B
>Columbia, SC 29201
>Telephone: 803-254-6542
>Telecopier: 803-254-6544
>Email: jmoylan@wyche.com
>
>John S. Nichols (D.S.C. No. 2535)
>Bluestein Nichols Thompson & Delgado, LLC
>Post Office Box 7965
>Columbia, South Carolina 29202
>Telephone:  803-779-7599
>Telecopier:  803-779-8995
>Email:   jsnichols@bntdlaw.com
>
>**Attorneys for Third-Party Jane Gari**

March 31, 2017