**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| DARYUSH VALIZADEH, an individual, ) | |
| ) | Civil Action No. 3:16-cv-03098-MGL |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JANE DOE, a/k/a "Susan"; and JOHN ) | **PLAINTIFF'S OPPOSITION TO** |
| AND JANE DOES 2-10, all whose true ) | **GARI'S MOTION TO RECONSIDER** |
| names are unknown, ) | |
| ) | |
| Defendants. ) | |
| ) | |

      Rather than asking this Court to reconsider its ruling on Plaintiff's Motion to Dismiss (Dkt. No. 52), Non-Party S. Jane Gari ("Gari") is seeking post-judgment leave to intervene, to assert positions that belong to the Doe defendants and ask this Court not to deny the motion to dismiss, but rather to impose an entirely different outcome than the relief requested in the underlying motion itself. *See* Dkt. Nos. 54 & 56. Unless Gari takes the position that she is "Susan," (in which case the Plaintiff would request sanctions of his own) she has no standing to seek to change the nature of the dismissal.

      Gari sought the unusual relief of the right to take discovery, despite only being a witness. The Court gave her that relief for the sole purpose of testing whether this Court had subject matter jurisdiction. Her best outcome post-discovery would have been dismissal for lack of subject matter jurisdiction, which is without prejudice. Gari's motion lacks any foundation in law and only serves to needlessly and vexatiously multiply the proceedings.

- 1 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.0     Introduction and Factual Background**

Plaintiff filed suit *inter alia* for defamation *per se* against Defendants arising out of false accusations they caused to be published in Gari's blog.  Plaintiff sought to take early discovery from Non-Party S. Jane Gari for the sole purpose of identifying the Doe Defendants.  However, Gari challenged this Court's subject matter jurisdiction over Plaintiff's claims, asserting they might not reach the amount-in-controversy requirement, and the Court permitted Gari to take limited discovery from Plaintiff as a threshold matter.

Plaintiff, having originally pled injury in excess of $75,000 based upon presumed damages in a *per se* defamation claim, nonetheless lacks any evidence of actual injury.  Although he believed that the amount-in-controversy requirement could be fulfilled by nominal and punitive damages alone, this Court's rulings informed him that he was mistaken.  As a result, Fed. R. Civ. P. 12(h) compelled Plaintiff to move to consider dismissing the claim for lack of subject matter jurisdiction.  He also reminded the Court that he had not been able to timely serve the Doe Defendants, consistent with his obligations under the local rules.  At no point in this did he seek a voluntary dismissal.

**2.0     Legal Standard**

Gari does not state the legal basis for her motion.  Her motion would be most akin to a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e).

Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); see also *Collison v. Int'l Chem. Workers Union*, 34

F.3d 233, 235 (4th Cir. 1994). It is Gari's burden to establish one of these three grounds for the judgment to be altered. *See Loren Data Corp. v. GXS, Inc*., 501 F. App'x 275, 285 (4th Cir. 2012). There is no argument as to intervening change or new evidence; thus, she must prove clear error or manifest injustice. She fails to do so. Instead, she is doing precisely what she is not permitted to do: using the motion as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 U.S. Dist. LEXIS 48735, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008)). Thus, there is no legitimate basis upon which her motion may be granted.

**3.0     Analysis**

    **3.1     Gari Lacks Standing to Seek Reconsideration of the Dismissal**

Although Gari raises four questions in her supplemental memorandum (Dkt. No. 56 at p. 1), she glosses over the threshold inquiry: whether a witness would derive standing to challenge the judgment of the Court. As the Eleventh Circuit has held, "barring extraordinary circumstances … a nonparty only has standing to" contest a judgment "if the nonparty's interests are directly affected by the final judgment." *Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1521 (11th Cir. 1987). Gari is not "directly affected" by the final judgment of dismissal without prejudice for lack of subject matter jurisdiction. She is a witness, not a party. She has sworn up and down that she is not "Susan." Either she has committed perjury or she lacks standing.

Neither has she shown there are any "extraordinary circumstances" that require her to bring the motion. "Susan" remains free to do so herself; that Gari wishes to continue to conceal the true nature of "Susan" from discovery through litigation in Iceland or elsewhere is not extraordinary. Having failed to meet either condition, Gari cannot seek to alter the judgment.

### 3.2 Gari Cannot Simultaneously Admit to and Reject Subject Matter Jurisdiction

Despite lacking standing, Gari seeks to have this Court deem that the dismissal was a voluntary dismissal under Rule 41(a)(1) and be deemed to be with prejudice, effectively adjudicating the merits, rather than a dismissal under Rule 12(h)(3). Absent from Gari's motion is any precedent or authority to suggest the Court may do so – especially since this non-party witness asks this court to re-assert jurisdiction, once it has determined that subject matter jurisdiction is absent. Asserting hypothetical jurisdiction of this type is reversible error. See *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) ("Rejecting the practice of some appellate courts to decide the merits of a case based on 'hypothetical jurisdiction,' the Court [in *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S. Ct. 1003 (1998)] reaffirmed the principle that subject-matter jurisdiction is a necessary prerequisite to any merits decision by a federal court").

Moreover, Gari's questions 2 & 3 reflect her Janus-like stance, in which she tries to assert the rights of a party without the obligations thereof. She cannot have it both ways: if the Court has subject matter jurisdiction, then there is no need for discovery – since subject matter jurisdiction therefore exists, and Gari's justification for witness-initiated discovery dissolves. The same is true if the court does not have jurisdiction – if the court lacks subject matter jurisdiction, then there is no need for a witness to engage in the extraordinary activity of taking discovery from a party. Gari cannot take substantive discovery, a right only belonging to actual defendants, by insisting that jurisdiction is in question.

Gari's primary complaint is that because Plaintiff moved under Rule 12(h)(3), it must necessarily act as a voluntary dismissal. However, her interpretation would rewrite Fed. R. Civ. P. 12(h)(3), which states that "[i]f the court determines at any time that it lacks subject-matter

jurisdiction, the court **must** dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Her interpretation would require it actually state "If the court determines at any time, *except upon the suggestion of the plaintiff*, that it lacks subject-matter jurisdiction, the court *may* dismiss the action." What Gari wishes the rule said does not supplant what the rule actually says.

Although Gari would like Plaintiff's motion to have invoked Fed. R. Civ. P. 41, *see* Dkt. No. 56 at pp. 4-5, it does not do so and dismissal under that rule is inappropriate. In fact, in order for the Court to deem Plaintiff's motion as a dismissal under Rule 41, it must have had subject-matter jurisdiction over the action. As another court in this circuit recognized, the dismissal under Rule 12(h)(3) is **obligatory** once the Court determines it lacks subject matter jurisdiction "at any time." *Schafler v. Scanniello*, No. RWT-08-1840, 2008 U.S. Dist. LEXIS 64321, at *2-3 (D. Md. Aug. 20, 2008). The Fourth Circuit itself has held "this Court is convinced that when there is reason for a court to believe that it does not have subject matter jurisdiction, as is the case when there is an outstanding motion to dismiss on those grounds, the district court must address this motion before it may rule on a subsequent motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2)." *Shortt v. Richlands Mall Assocs.*, No. 90-2056, 1990 U.S. App. LEXIS 25947, at *14 (4th Cir. Dec. 19, 1990). This is because "[i]f a court lacks subject matter jurisdiction, it is generally barred from taking any action which would go to the merits of the case." *Id.* at * 11. Without subject matter jurisdiction, no Rule 41 dismissal can issue.

Yet, Gari does not actually argue, let alone demonstrate, that this Court ever had subject matter jurisdiction. To the contrary, she continued to contest Plaintiff's theory that nominal damages plus punitive damages could meet the amount-in-controversy requirement. In fact, she now admits that her intended discovery was directed primarily to the issue of whether Plaintiff,

as an allegedly libel-proof plaintiff, could recover $75,000.  *See* Dkt. No. 54 at p. 2, n. 1; Dkt. No. 56 at pp. 2-3.  Of course, such admission demonstrates that her course of conduct, culminating in the pending motion, lacked a proper purpose.  First, as a defendant must prove a plaintiff is libel-proof as an affirmative defense, the issue is irrelevant to the consideration of subject matter jurisdiction, for "courts do not look to valid defenses when calculating the amount in controversy."  *Lunsford v. Cemex, Inc.*, 733 F. Supp. 2d 652, 658 (M.D.N.C. 2010).  Second, absent from any of Gari's pleadings in this case is any suggestion that the "libel-proof" defense is even a valid defense.  No cases under South Carolina law were cited and Plaintiff is aware of none to suggest South Carolina recognizes the libel-proof defense.  Accord *Nanji v. Nat'l Geographic Soc'y*, 403 F. Supp. 2d 425, 430 n.3 (D. Md. 2005) ("no case in the Fourth Circuit or in Maryland state courts have adopted this doctrine. Accordingly, this Court will not extend the libel-proof doctrine to this case absent some Fourth Circuit or Maryland authority.") Accordingly, this mere witness seeks to have this court assert hypothetical jurisdiction, in violation of Rule 12(h)(3), in order to take discovery to assert an affirmative defense, on behalf of a third party, and seeks to simultaneously have this court inaugurate that affirmative defense's existence in this state as a matter of first impression.

Gari also asserts that the purpose of her discovery requests was to determine whether claimed damages were "asserted in good faith or whether [Plaintiff] has ulterior motives for bringing this case."  Dkt. No. 56 at p. 2.  Lacking from that purpose is anything to do with whether the amount in controversy requirement is met, and thus it is not relevant to whether this Court has subject matter jurisdiction.  Nor is there any foundation for such inquiry: Plaintiff has

previously cited to precedent that less vicious *per se* defamation resulted in punitive damage awards well in excess of $75,000.[1]

For the first time, Gari now suggests that Plaintiff's concession of a lack of evidence of *any* actual damages would still entitle Plaintiff to a verdict of $50,000. *See* Dkt. No. 56 at p. 3. If Gari believes nominal damages may reach $50,000, then there is a clear difference over the meaning of the word "nominal." In South Carolina, nominal damages are an "inconsiderable amount." *Stevens v. Allen*, 342 S.C. 47, 53 n.5, 536 S.E.2d 663, 665 (2000) quoting *Young v. Western Union Tel. Co.*, 65 S.C. 93, 43 S.E. 448, 450 (1903) ("if no actual damages, capable of pecuniary estimation, have been sustained, but legal right of the plaintiff has been thereby violated [through the defendant's negligence], the jury can allow only nominal damages, – as one dollar, one cent, or other inconsiderable amount, – to vindicate plaintiff's legal right.") Plaintiff does not merely state his actual damages are less than $75,000, he specifically averred "Plaintiff cannot identify any discrete economic loss to date" and he cannot substantiate any non-pecuniary damages. *See* Dkt. No. 41-3, Response to Interrogatories 1 & 11. Gari herself argued that due process would preclude punitive damages of $75,000 if a jury awarded $1.00 in nominal

---

[1] Presumably, by suggesting "ulterior motive", Gari is suggesting, as part of a challenge to subject matter jurisdiction, that Plaintiff is liable for abuse of process. Although Gari can only imagine what that ulterior motive might be, the law is clear. "Liability [for abuse of process] exists not because a party merely seeks to gain a collateral advantage by using some legal process, but because the collateral objective was its sole or paramount reason for acting." *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 351 S.C. 65, 75, 567 S.E.2d 251, 256 (Ct. App. 2002). Furthermore, "there is no liability where the [party using the process] has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions*." Hainer v. Am. Med. Int'l, Inc.*, 328 S.C. 128, 136, 492 S.E.2d 103, 107 (1997). Whatever secondary advantage Gari imagines, Gari cannot avoid that her publication of "Susan's" remarks is defamatory and that such defamation *per se* would typically result in a substantial punitive damage award. Nevertheless, discovery predicated upon some theoretical future claim for abuse of process is irrelevant to whether this Court has subject matter jurisdiction.

damages.  *Se*e Dkt. No. 54 at 3; *see also* Dkt. No. 48 at p. 5 quoting *Mitchell, Jr. v. Fortis Ins. Co*. 686 S.E.2d 176, 185 (S.C. 2009) ("few awards, exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.")  Thus, as Plaintiff cannot prove actual damages, he would only be entitled to a dollar or a penny in nominal damages, which Gari must believe could not support punitive damages in excess of $75,000, else she would not have raised the issue.

Contrary to Gari's assertion, Plaintiff is prepared to sit for a proper deposition in the course of discovery from a proper party; he has only sought to avoid what he believes to be improper discovery – first on the question of a non-party having standing to take discovery, and second on intrusive questions that are not relevant to the issue of subject matter jurisdiction.  When "Susan" appears, whether under her real name or pseudonymously, Plaintiff will happily respond to all proper discovery requests.

### 3.3      Plaintiff Cannot Sue "Susan" Where He Cannot Find Him/Her

Plaintiff has no interest in wasting his own or judicial resources on the issue of jurisdiction; he simply wants to sue "Susan" for statements that are clearly defamatory in whatever court is the right one.  When personal jurisdiction was raised in South Dakota, where Plaintiff is a citizen, he voluntarily dismissed to bring suit in South Carolina,[2] where there is no question of personal jurisdiction, as the defamation emanated from this state.  When subject-matter jurisdiction was raised by Gari, Plaintiff asserted that he could meet the $75,000

---

[2]   Contrary to Gari's footnote assertion, Dkt. No. 56 at p. 7, n. 3, Plaintiff did not avoid the South Dakota Court's requirement of articulating his steps to identify "Susan".  Unfortunately, the South Dakota Court only spoke vaguely of "more information" being necessary, despite Plaintiff having provided the Court with the correspondence with Gari's then-counsel, representing the full measure of his steps.  As "Susan" is not actually someone as to whose identity Plaintiff can even speculate, there were no other steps.

requirement. However, after the Court stated that his theory of nominal + punitive damages in the absence of proof of actual damages was legally incorrect,[3] he showed deference to this court's wisdom in interpreting the assertion of subject matter jurisdiction, and then as was required by the rules of ethics, moved under Rule 12(h)(3).[4] Dismissal with prejudice is certainly an improper request by Gari, especially where no defendant has even participated in these proceedings.

### 3.4     The Time to Serve All Defendants Expired

Plaintiff previously asked this Court to extend the deadline for service until "90 days from the date the subpoenae are complied with." Dkt. No. 12 at p. 4. The Court did not grant this relief. Instead, it set the deadline for service to March 10, 2017. *See* Dkt. No. 16. Now Gari argues that Plaintiff should have asked for an additional extension. *See* Dkt. No. 56 at p. 6. However, she offers no basis upon which he had any right to do so. The Court's prior order indicated that an indefinite extension would not be allowed and Plaintiff has no reasonable expectation of when Gari will actually provide the information necessary to begin the process of locating "Susan" in Iceland, if that is where he or she even lives, or how long it might take to serve her in whatever jurisdiction he or she might reside. *See McCoy v. Abassi*, No. 3:10CV875, 2012 U.S. Dist. LEXIS 148730, 2012 WL 4933301, at *2 (E.D. Va. Oct. 16, 2012) ("'The court

---

[3] Although Gari points to Paragraph 36 of Plaintiff's Complaint, where he pleaded he "has been injured in amounts exceeding $75,000", such is neither inconsistent with presumed damages under the law of defamation *per se* nor a nominal injury when also including punitive damages. At worst, it is inartful pleading. Similarly, though Gari points to Dkt. No. 29, the discussion of the jury verdicts is consistent with the nature of presumed damages in *per se* defamation cases. Gari, once more, seems to wish to improperly substitute *per quod* claims, requiring special damages, in *per se* libel claims.

[4] There is no basis to suggest Plaintiff is "forum shopping" by informing a court it *lacks* jurisdiction or otherwise acceding to a likely lack of jurisdiction. To the contrary, it is the party who wishes a case to be in front of a particular tribunal, such as Gari insisting that this Court adjudicate the merits, in the *absence* of jurisdiction, who may be deemed to be forum shopping.

cannot countenance the bringing of an action . . . to languish on its docket until some indefinite future date when the plaintiff may actually be able to serve those defendants.'" (quoting *Villeneuve v. Connecticut*, No. 09-P-S, 2009 U.S. Dist. LEXIS 53019, 2009 WL 1783540, at *2 (D. Me. June 22, 2009))).

Plaintiff agrees that the 90-day time limit in Rule 4(m) does not apply to defendants to be served outside the United States. However, "the time period for effecting service upon a foreign [defendant] is not without limits and [ ] a plaintiff must act diligently and effectuate service abroad within a reasonable period of time". *Baughman v. Hyundai Motor Am.*, No. 3:11-cv-1719-JFA, 2012 U.S. Dist. LEXIS 160403, at *2 (D.S.C. Nov. 8, 2012). Here, although Plaintiff acted diligently, the original 90 days expired as did the only period extended by the Court. Moreover, the time limit only applies specifically where the service is effectuated in a foreign country, not generally where service is to be made upon a foreign national. Fed. R. Civ. P. 4(m). *See, e.g.*, *McCoy v. Abbasi*, No. 3:10-cv-875, 2012 U.S. Dist. LEXIS 148730, at *5-7 n.4 (E.D. Va. Oct. 16, 2012) (finding deadline applies where plaintiff has not attempted to serve the foreign national abroad). Assuming "Susan" is actually Icelandic, for all Plaintiff knows he or she may be a student at the University of South Carolina and could be served in a dorm there.[5] Thus, Plaintiff admits that he failed to timely serve. It is strange that Gari has consciously and strenuously fought Plaintiff's attempt to identify and serve Susan, and now complains that Plaintiff should be trying harder to serve her.

---

[5] "Susan" living in South Carolina would potentially explain why he or she chose S. Jane Gari, of all the random, unknown bloggers as the agent for defamation.

Moreover, Plaintiff no longer believes "Susan" is actually an Icelandic woman.[6] It must be noted that in the absence of any conclusive evidence of "Susan's" identity, "Susan" may well be a South Dakota resident. Because Plaintiff cannot establish the citizenship of "Susan" or the other Doe defendants, he cannot prove complete diversity under 28 U.S.C. § 1332 and dismissal for lack of subject matter jurisdiction would be otherwise warranted on that basis. *See Sandler v. W. State Hosp.*, No. 5:02-cv-00107, 2003 U.S. Dist. LEXIS 20727, at *8-9 (W.D. Va. Nov. 18, 2003) (dismissing purported diversity case for lack of subject matter jurisdiction where the plaintiff failed to establish the citizenship of Doe defendants). As a result, there is no reason to allow Gari's motion.

### 3.5     Sanctions are Unwarranted

No sanctions are warranted. First, though Gari invokes Fed. R. Civ. P. 11 to suggest the Complaint was filed in bad faith, she failed to comply with the safe-harbor requirement. *See ORL, LLC v. Hancock Bank*, No. 6:11-cv-562, 2011 U.S. Dist. LEXIS 123944, at *15 (M.D. Fla. Sep. 26, 2011) ("a sanctions motion under inherent authority is not a substitute for compliance with the safe harbor provisions of Rule 11."). Although Gari takes issue with the statement in the Complaint that Plaintiff "has been injured in amounts exceeding $75,000", the proper course of action, if Gari is correct, would be for him to amend it to read that Plaintiff "has been injured and is entitled to damages, including punitive, in amounts exceeding $75,000". Notably, the Complaint does not state he suffered actual damages in such amount; the only issue is inartful drafting. Of course, if Plaintiff were to make such amendment, it would not change the outcome of the case. Presumably Gari prefers that instead of expeditiously bringing a lack of subject matter jurisdiction to the court's attention, Valizadeh should have amended his

---

[6]     At the time the Complaint was filed, Plaintiff took Gari at her word.

complaint, thus mooting all pending motions, then brought it to the court's attention that he was seeking subject matter jurisdiction validated by punitive damages. Why engage in such waste and multiplication of the docket when the outcome is the same? In fact, would it not be a violation of Rule 11 to continue to occupy the court's docket if Valizadeh merely accedes to what this third party witness contended in the first place – there is less than $75,000 in controversy, and thus there is no subject matter jurisdiction.

Second, there is no evidence of bad faith or vexatious litigation – at worst, Plaintiff filed this case where there was a good faith belief in subject matter jurisdiction. The Plaintiff believed that nominal damages plus punitive damages could equal sufficient amounts in controversy to assert subject matter jurisdiction. Given the case law he relied upon previously in this case, this was understandable, even if mistaken.

There is no question that the rape allegation is defamatory and such would be a proper claim in whatever court ultimately was found to have jurisdiction over the defendants and subject matter. If Plaintiff were in the business of vexatious litigation, he would be asking this Court instead to sanction Gari or her counsel for pursuing jurisdictional discovery where the libel-proof defense is neither recognized in South Carolina nor informs the amount-in-controversy requirement. He would also ask for sanctions for having to respond to Gari's motion, where she lacks standing and does not even suggest that the Court may entertain a Rule 41 dismissal where there is no subject matter jurisdiction.

It would be laughable, if it were not in a pleading, for Gari to say "*At every turn, Plaintiff has made this litigation as contentious and burdensome as possible.*" Dkt. No. 56 at p. 10. Let us remember, Gari is a witness, and not a party. Let us remember that this Court granted early discovery. It is Gari who refused to comply with early discovery authorized by this Court.

It is Gari whose fourth set of attorneys hid in the shadows, and whose firm failed to disclose Gari was a client. It is Gari who contested subject matter jurisdiction, who was permitted the unusual liberty of a witness taking discovery, and who served overbroad requests. And now it is Gari who is seeking to *relitigate a dismissal*. If any party is acting vexatiously and in bad faith, it is Gari, who at every turn has taken inconsistent positions (*i.e.* declared she is not a journalist, yet then invokes the Shield law, and then conditionally abandoning that claimed protection) in an effort to thwart a legitimate claim against *someone else*.

### 4.0     Conclusion

If this Court believes it has subject matter jurisdiction, then Gari must be compelled to comply with the subpoena and we can return to where we were after the Court's first order granting early discovery. If the Court does not have subject matter jurisdiction, then dismissal without prejudice is required under Rule 12(h). Plaintiff has never sought to dismiss this case under Rule 41 and there is no basis to imply as much. This non-party witness has no standing to request reconsideration, dismissal with prejudice, or sanctions. Gari's own arguments agree with the Court's position that nominal damages plus potential punitive damages cannot give rise to subject matter jurisdiction, and no consideration of Plaintiff's motives or Does' defenses may change that determination. Thus, where Plaintiff's theory of meeting the amount-in-controversy was insufficient, dismissal without prejudice was required.

Dated: April 5, 2017.                              Respectfully submitted,

/s/ J. Paul Porter
J. Lewis Cromer (#362)
J. Paul Porter (#11504)
CROMER BABB PORTER & HICKS, LLC
1418 Laurel Street, Ste. A
Post Office Box 11675
Columbia, SC 29211
Phone  803-799-9530
Fax      803-799-9533
Email: <paul@cbphlaw.com>

Jay M. Wolman *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: 702-420-2001
Fax: 305-437-7662
Email: <ecf@randazza.com>

LaTeigra C. Cahill, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan way
Las Vegas, NV 89147
Tel: 702-420-2001
Fax: 305-437-7662
Email: <ecf@randazza.com>

ATTORNEYS FOR PLAINTIFF,
DARYUSH VALIZADEH

Civil Action No. 3:16-cv-03098-MGL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of March, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ J. Paul Porter<br>J. Paul Porter