# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| DARYUSH VALIZADEH, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>JANE DOE, a/k/a "Susan"; and JOHN AND JANE DOES 2-10, all whose true names are unknown,<br><br>    Defendants. | Civil Action No. 3:16-CV-03098-MGL<br><br>**REPLY MEMORANDUM OF THIRD-PARTY JANE GARI IN SUPPORT OF HER MOTION TO RECONSIDER NON-PREJUDICIAL EFFECT OF DISMISSAL, TO DISMISS WITH PREJUDICE, AND TO IMPOSE SANCTIONS** |

      As provided by the Court (Docket #55), Third-Party Jane Gari ("Ms. Gari") respectfully submits this reply memorandum in response to Plaintiff's Opposition to Gari's Motion To Reconsider (Docket # 57).

      Plaintiff's Opposition is a study in evasion and misdirection. Although 15 pages in length, the memorandum at no point addresses any one of the essential grounds of Ms. Gari's motion, namely:

      (1) a concession of inability to prove actual damages in excess of $75,000 does not divest the Court of subject matter jurisdiction;

      (2) a plaintiff may not obtain a dismissal without prejudice in order to avoid complying with an adverse ruling or to engage in forum-shopping;

      (3) Plaintiff's attempt to have the case dismissed on the basis of Rule 4(m) is in reality a voluntary dismissal and should be treated as such; and

      (4) the Court has the inherent authority to sanction Plaintiff and/or his attorneys for bringing this action on the basis that Plaintiff sustained over $75,000 in actual damages, and now

admitting that Plaintiff cannot prove (and never had any plausible basis for being able to prove) actual damages in excess of $75,000.

We will not rehash the grounds of our motion again here, but merely want to make sure it is clear that the Plaintiff has not offered any responsive argument that directly addresses the points on which Ms. Gari's motion is founded.[1]  Instead, the Plaintiff continues to ask the Court to ignore what is really going on with his request to dismiss without prejudice, and to join in the fiction he is trying to peddle to the Court.  We will respond briefly here to the principal arguments that the Plaintiff advances.

(A)  Plaintiff asserts that Ms. Gari's "best outcome post-discovery would have been dismissal for lack of subject matter jurisdiction, which is without prejudice."  Pl. Opp. at 1.  Nonsense.  The best outcome for Ms. Gari is a result that prevents Plaintiff from continuing his effort to use the courts to harass her and her confidential source – dismissal with prejudice, and with sanctions for Plaintiff's transparent bad faith.  A dismissal with prejudice could be entered on the ground of Plaintiff's failure to comply with the Court's multiple discovery orders, or on the ground that Plaintiff's request to dismiss is a (second) voluntary dismissal, or on the ground of failure to prosecute.

Even on its own terms, if Plaintiff were to submit to the limited discovery that the Court has ordered and if, on the basis of facts obtained through discovery, the Court were to dismiss for

---

[1] For example, Ms. Gari quoted from at least a half a dozen cases explicitly holding that a party may not initiate dismissal to avoid an adverse ruling and forum shop.  Plaintiff's response completely ignores this case law.  To the extent Plaintiff contends Ms. Gari cannot satisfy any of the grounds for reconsideration under Rule 59(e), the argument is baseless.  In the first place, Ms. Gari did not have a fair chance to file an opposition to Plaintiff's motion to dismiss until after the Court had already granted it.  More fundamentally, a determination that the Court lacks subject matter jurisdiction because Plaintiff has stipulated that he "cannot provide any evidence to prove more than $75,000 in actual damages" is plain error.  As explained in Ms. Gari's previous memorandum, such a stipulation clearly does not strip the Court of jurisdiction, and neither Ms. Gari nor the Court had previously suggested that it would.

lack of subject matter jurisdiction, Plaintiff's argument completely overlooks the significance of **the Court's basis** for dismissal. To dismiss, without prejudice, on the ground of Plaintiff's statement that he is unable "at this time" to prove "more than $75,000 in actual damages," leaves the Plaintiff free, in a later proceeding, to seek actual damages of some amount up to $75,000 plus punitive damages of a constitutionally sustainable multiple. By contrast, to dismiss for the reasons on which Ms. Gari seeks discovery – that the Plaintiff is libel-proof and does not and cannot have **any actual damages**, and/or that the Plaintiff brought this action for the ulterior, illegitimate purpose of harassing Ms. Gari and her source[2] – would preclude further efforts by Plaintiff to use the courts for such harassment.

(B)  In a similar vein, Plaintiff contends that Ms. Gari is trying to both admit to subject matter jurisdiction and reject it. This argument misrepresents Ms. Gari's position. As we have made clear in our motion papers, all we are saying at this point is that Plaintiff's concession in and of itself does not destroy subject matter jurisdiction. We believe that the discovery the Court has allowed, and which Plaintiff is desperately trying to evade, will enable us to prove to the Court that Plaintiff is libel-proof, has no actionable damages whatsoever, and has brought this suit (like the prior one in South Dakota) for an improper and illegitimate purpose. At present, however, the Court clearly has jurisdiction to require the discovery ordered to go forward in order to make this determination; a federal court always has jurisdiction to determine if it has jurisdiction. *E.g.*, *U.S. v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").

---

[2] Contrary to Plaintiff's contention otherwise, Plaintiff's good faith is relevant to the determination of subject matter jurisdiction. When the amount in controversy is at issue, "the sum claimed by the plaintiff controls **if the claim is apparently made in good faith**." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (emphasis added).

3

This is real, not "hypothetical," jurisdiction.  At this point, based simply on Plaintiff's concession, the Court cannot validly conclude that it lacks subject matter jurisdiction, and should not do so merely because Plaintiff wants to get away from a forum and judge he does not like.  It is the Plaintiff who is being "Janus-like," not Ms. Gari.

(C)  Plaintiff argues that Ms. Gari is "just a witness" and has no standing to challenge the Court's judgment.  Again, this is nonsense.  Ms. Gari is hardly "just a witness."  She is the target of this suit, the subject of a subpoena seeking to require her to turn over her emails with a confidential source notwithstanding the privilege accorded those communications under the South Carolina Shield Law.  Furthermore, this action is the second time Plaintiff has sought to use the courts to go after Ms. Gari, and he is now trying to get out of this Court in such a manner that he can try a third time in another forum.

Indeed, Plaintiff has repeatedly insinuated that Ms. Gari completely fabricated "Susan" and her account of her rape by the Plaintiff.[3]  Given this suggestion, his decision to sue a Jane Doe defendant instead of Ms. Gari was curious, but now makes sense in light of the history of this litigation.  For some unknown reason, Plaintiff is adamantly opposed to being questioned under oath.  Ms. Gari has always been his target; he just wants to keep her in a position where the shots fire in only one direction – away from him.

As discussed above, how and on what basis this Court dismisses this action has a direct effect on whether or not Ms. Gari remains vulnerable to Plaintiff's harassment.  To quote the case Plaintiff cites, Ms. Gari's "interests are directly affected by the final judgment," *Kem Mfg*.

---

[3] Ms. Gari has previously offered to provide her emails with Susan to the Court for *in camera* review to assure the Court that Susan is real and that her email correspondence with Ms. Gari is genuine.

4

*Corp. v. Wilder*, 817 F.2d 1517, 1521 (11th Cir. 1987), and hence she does have non-party standing under that authority.

Moreover, standing is totally irrelevant here. In its discretion, as a precondition of considering Plaintiff's request to seek early discovery from Ms. Gari, the Court allowed Ms. Gari to have limited discovery from the Plaintiff in order to test whether his claim of damages was made in good faith and was sustainable by proof. The issues now before the Court are whether Plaintiff's concession on damages deprives the Court of subject matter jurisdiction, and, since it clearly does not, whether the Court must dismiss the action without prejudice simply because Plaintiff wants it to do so. The Court has graciously allowed Ms. Gari to provide input to the Court on these issues, and this is well within the Court's discretion in light of the direct effect the resolution of these issues will have on the interests Ms. Gari seeks to protect.[4] Standing has nothing to do with this situation.

(D) Plaintiff asserts that since the time to serve the Doe Defendants has expired per the Court's Text Order of December 8, 2016 (Docket #16), he had no right to seek an additional extension of time to effect service and was compelled to request dismissal. This is absurd. There is nothing to prevent Plaintiff from asking for more time, nor any reason to think that the Court would be draconian in dealing with such a request. Plaintiff is obviously trying to create a basis for dismissal without prejudice because he has become unhappy with this Court's rulings. While it is true that the Plaintiff does not have unlimited time to effect service in a foreign country, the standard is not Rule 4(m) (the basis of his request for dismissal for failure to serve)

---

[4] *See, e.g., Dalli v. Frech*, 70 Fed. Appx. 46, 47, 2003 WL 21728991, at *1 (2d Cir. 2003) (unpublished) (noting that the decision of whether to permit discovery on the issue of subject matter jurisdiction is "subject to the discretion of the district court); *Andrews v. Pride Industries*, 2015 WL 1014133, at *5 (E.D. Cal. Mar. 6, 2015) ("A district court has broad discretion to permit or deny discovery to establish subject matter jurisdiction.").

but whether he has failed to take reasonable steps to prosecute his case.  If the Court were to conclude that he has not, then the action should be dismissed with prejudice.

(E)  Plaintiff represents to the Court that, when he made the following allegation in his Complaint –

> "As a direct and proximate result of Defendant's acts, Mr. Valizadeh **has been injured in amounts exceeding $75,000** exclusive of interest and costs."
> Complaint para. 36 (emphasis added) (Docket #1)

– what he *really* meant was

> "Plaintiff, **having originally pled injury in excess of $75,000 based upon presumed damages** in a *per se* defamation claim, nonetheless lacks any evidence of actual injury."  Pl. Opp., at 2 (emphasis added) (Docket #57)

We cannot understand how Plaintiff can make this argument with a straight face.  This is not "inartful pleading," as Plaintiff glibly suggests.  Let us call it what it is:  a lie.  Plaintiff brought this action on the affirmative allegation that he had damages sufficient to meet the jurisdictional threshold.  By finally admitting he has **no proof** of such damages – **and never did** – he is admitting that he lied when he filed his Complaints here and in South Dakota, and he put Ms. Gari and the Court to the task of ferreting out his lie.  Then he lied about the lie.  This sort of behavior warrants sanctions.

Ms. Gari respectfully asks that the Court grant her motion to reconsider and either require Plaintiff to submit to deposition and answer the interrogatories propounded to him, or else hold that Plaintiff has voluntarily dismissed this action pursuant to Rule 41(a)(1)(A)(i) and enter a judgment of dismissal with prejudice.  Ms. Gari further asks the Court to find that Plaintiff has acted in bad faith and for vexatious purposes, and to impose such sanctions as the Court deems appropriate pursuant to its inherent authority.

The undersigned would be glad to appear before the Court for oral argument or a conference in chambers, if the Court so desires.

        Respectfully Submitted,

        **WYCHE, P.A.**

        s/Wallace K. Lightsey
        Wallace K. Lightsey (D.S.C. Id. No. 1037)
        Christopher B. Schoen (D.S.C. Id. No. 11421)
        44 East Camperdown Way
        Greenville, S.C. 29601
        Telephone: 864-242-8200
        Telecopier: 864-235-8900
        Email: wlightsey@wyche.com; cschoen@wyche.com

        John C. Moylan, III (D.S.C. Id. No. 5431)
        801 Gervais St., Ste. B
        Columbia, SC 29201
        Telephone: 803-254-6542
        Telecopier: 803-254-6544
        Email: jmoylan@wyche.com

        John S. Nichols (D.S.C. No. 2535)
        Bluestein Nichols Thompson & Delgado, LLC
        Post Office Box 7965
        Columbia, South Carolina 29202
        Telephone:  803-779-7599
        Telecopier:  803-779-8995
        Email:  jsnichols@bntdlaw.com

        **Attorneys for Third-Party Jane Gari**

April 10, 2017