

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DARYUSH VALIZADEH, § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> JANE DOE a/k/a "Susan" and § <br> JOHN AND JANE DOES 2-10, § <br> all whose true names are unknown, § <br> § <br> Defendants. § <br> § | Civil Action No. 3:16-03098-MGL |

---

**MEMORANDUM OPINION AND ORDER DENYING NONPARTY SUBPOENA
RECIPIENT JANE GARI'S MOTION TO RECONSIDER NON-PREJUDICIAL EFFECT OF
DISMISSAL, TO DISMISS WITH PREJUDICE, AND TO IMPOSE SANCTIONS**

---

### I.    INTRODUCTION

This is a defamation case in which Plaintiff alleges Jane S. Gari (Gari), a nonparty to this action, posted a story (the Story) on her website wrongfully accusing Plaintiff of raping Defendant Jane Doe a/k/a "Susan" (Susan). Plaintiff's Complaint (Complaint) alleges the Court has subject matter jurisdiction under 28 U.S.C. § 1332. Pending before the Court is Gari's Motion to Reconsider Non-Prejudicial Effect of Dismissal, to Dismiss with Prejudice, and to Impose Sanctions (Gari's Motion to Reconsider).

In Gari's Motion to Reconsider, she requests the Court reconsider and vacate its March 24, 2017, Order (Order) granting Plaintiff's Motion to Dismiss without Prejudice (Motion to Dismiss) and its corresponding judgment of the same date (Judgment) dismissing this action without

prejudice, and enter a new order holding Plaintiff has voluntarily dismissed this case under Federal Civil Procedure Rule 41 as well as a corresponding judgment of dismissal with prejudice. Gari also asks the Court sanction Plaintiff and his attorneys pursuant to its inherent authority to impose sanctions for bad faith conduct. Having carefully considered the Motion, Gari's supporting memorandum, the response, the reply, the record, and the applicable law, it is the judgment of the Court Gari's Motion to Reconsider will be denied.

## II.   FACTUAL AND PROCEDURAL HISTORY

This case arises out of Gari's posting of the Story on her website. Plaintiff maintains the accusation he raped Susan is false. Plaintiff's Complaint asserts claims against Susan and John and Jane Does 2-10 for defamation and false light in connection with the Story. ECF No. 1. Plaintiff chose not to name Gari as a defendant. *See id.*

Plaintiff originally filed this action in South Dakota, but he voluntarily dismissed it. Plaintiff filed his Complaint with this Court on September 13, 2016. *Id.*

On September 15, 2016, Plaintiff filed an Ex Parte Motion for Leave to Take Early Discovery (Motion for Early Discovery) in which he sought permission to serve subpoenas on certain individuals, including Gari, who Plaintiff believed had information that would allow him to identify the Doe Defendants. ECF No. 5. The Court issued an ex parte order granting the Motion for Early Discovery on October 26, 2016 (Order Granting Early Discovery), ECF No. 9, and Gari subsequently served a subpoena on Gari.

For reasons irrelevant to Gari's Motion to Reconsider, the Court ultimately unsealed the Motion for Early Discovery, unsealed and vacated the Order Granting Early Discovery, and granted Gari permission to file a response to Plaintiff's Motion for Early Discovery. ECF No. 24.

2

The parties then filed numerous briefs and reports relating to the Motion for Early Discovery. ECF Nos. 28, 29, 30, 33, 34, 35, 37, 38. In such filings, Gari questioned whether the Court has subject matter jurisdiction over this action and sought permission to depose and serve interrogatories upon Plaintiff for the purpose of investigating subject matter jurisdiction; Plaintiff opposed Gari's requests for discovery.

On January 30, 2017, the Court entered an Order granting Gari permission to depose Plaintiff and propound fifteen interrogatories upon him regarding matters relevant to subject matter jurisdiction. ECF No. 39. The Order further stated the Court would hold Plaintiff's Motion for Early Discovery in abeyance pending the Court's determination of whether it has subject matter jurisdiction. *Id.*

Plaintiff filed his Motion to Dismiss without Prejudice on March 23, 2017. ECF No. 51. In Plaintiff's Motion to Dismiss, he requested the Court dismiss the case without prejudice for lack of subject matter jurisdiction under Rule 12(h)(3). In the alternative, Plaintiff requested the Court dismiss the action for failure to serve the defendants as required by Rule 4(m). That same day, Plaintiff also filed a status report informing the Court he had failed to serve the defendants and stating he "stipulates to administrative dismissal of this action, without prejudice, for failure to serve as required by Fed. R. Civ. P. 4(m)." ECF No. 50. On March 24, 2017, the Court issued the Order granting Plaintiff's Motion to Dismiss for lack of subject matter jurisdiction, ECF No. 52, and the Judgment dismissing this action without prejudice, ECF No. 53.

Gari filed her Motion to Reconsider on March 24, 2017, shortly after entry of the Court's Order and Judgment. ECF No. 54. Pursuant to the Court's permission, ECF No. 55, Gari filed a memorandum in support of her Motion to Reconsider on March 31, 2017. ECF No. 56. Plaintiff filed a response in opposition on April 5, 2017, ECF No. 57, to which Gari replied on April 10,

2017, ECF No. 58. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of Plaintiff's Motion.

### III. STANDARD OF REVIEW

There are only three limited bases for a district court to grant a Rule 59(e) motion to alter or amend judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks omitted). Further, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).

"[D]istrict courts have the inherent power to sanction parties for certain bad faith conduct." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 955 (4th Cir. 1995). A court's inherent power to sanction "must be exercised with the greatest restraint and caution, and then only to the extent necessary." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993) (citations omitted). A district court's decision of whether to impose sanctions under its inherent power is within its discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991) (citations omitted).

## IV. CONTENTIONS OF THE PARTIES

Gari urges the Court to reconsider and vacate the Order granting Plaintiff's Motion to Dismiss and the Judgment dismissing the case without prejudice. Gari argues the Court should construe its dismissal of this case as a voluntary dismissal under Rule 41(a)(1)(A)(i) because it was taken upon Plaintiff's initiative and at Plaintiff's request. Gari asserts because Plaintiff previously filed this action in South Dakota and voluntarily dismissed it, Plaintiff's voluntary dismissal in this action is with prejudice under Rule 41. Gari requests the Court enter a new order dismissing this matter with prejudice under Rule 41 or, in the alternative, deny Plaintiff's Motion to Dismiss and require Plaintiff to submit to a deposition and to fully answer Gari's interrogatories.

In support of her position, Gari avers Plaintiff's statement in his Motion to Dismiss he is unable to provide evidence he has incurred $75,000 in actual damages fails to require the Court to dismiss this case for lack of subject matter jurisdiction. Gari argues the Court is not obligated to grant Plaintiff's Motion to Dismiss and dismiss the case without prejudice because doing so enables Plaintiff to engage in forum shopping. Gari further asseverates dismissal for failure to serve under Rule 4(m) is unwarranted because Defendants are residents of Europe, and Rule 4(m) is inapplicable to service outside of the United States. Additionally, Gari alleges Plaintiff has pursued this action in bad faith, and she asks the Court to impose sanctions upon Plaintiff and his attorneys pursuant to its inherent authority to sanction parties for bad faith conduct.

Plaintiff refutes Gari's contentions and opposes her Motion for Reconsideration.

## V. DISCUSSION AND ANALYSIS

Because Gari's Motion challenges the wisdom of the Court's Order and Judgment and was filed less than ten days after the entry of such, the Court construes Gari's Motion as a Rule 59(e)

motion.[1]  *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) ("[I]f a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." (quoting *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).  In support of Gari's Motion, she has offered no analysis of a change in controlling law or new evidence previously unavailable.  Rather, she appears to be relying on the third basis for granting a Rule 59(e) motion—"to correct a clear error of law or prevent manifest injustice."  *Hutchinson*, 994 F.2d at 1081.

The Court remains convinced it properly granted Plaintiff's Motion to Dismiss and dismissed this case without prejudice for lack of subject matter jurisdiction.  "Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (internal citations omitted); *see also Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("It is elementary that the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  Moreover, a dismissal for lack of subject matter jurisdiction is generally without prejudice.  *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).  *Contra Roland v. United States Citizenship*

---

[1] Although Gari is not a party to this action, she has standing to bring her Motion to Reconsider because she has an interest in this litigation, and she participated extensively in the proceedings. *See Doe v. Pub. Citizen*, 749 F.3d 246, 259 (4th Cir. 2014) ("We have recognized an exception to the general rule that permits a nonparty to appeal a district court's order or judgment when the appellant (1) possessed 'an interest in the cause litigated' before the district court and (2) 'participated in the proceedings actively enough to make him privy to the record.'" (quoting *Kenny v. Quigg*, 820 F.2d 665, 668 (4th Cir. 1987))).

*& Immigration Servs.*, 850 F.3d 625, 628 (4th Cir. 2017) (affirming the district court's dismissal with prejudice for lack of subject matter jurisdiction in an instance in which a "statutory provision eliminates judicial review of discretionary decisions made by" an immigration agency).

In Plaintiff's Motion to Dismiss, he states he is "compelled to inform the court that it lacks subject matter jurisdiction." ECF No. 51 at 2. He further asserts because he "has now determined that he cannot continue to claim subject matter jurisdiction, he must bring this to the Court's attention." *Id.* Thus, Plaintiff makes it clear in his Motion to Dismiss he is no longer claiming there is subject matter jurisdiction in this case, and he seeks dismissal as a result. *See id.* Although Gari insists Plaintiff's concessions in his Motion to Dismiss regarding subject matter jurisdiction fail to require the Court to dismiss for lack of subject matter jurisdiction, *see* ECF No. 56 at 2-4, Gari neglects to argue the Court has subject matter jurisdiction. In fact, Gari has challenged and questioned the existence of subject matter jurisdiction throughout this litigation. *See* ECF Nos. 10 at 8-12, 28 at 7-10, 48 at 5-7. Thus, neither Plaintiff nor Gari is asserting there is subject matter jurisdiction, and, consequently, neither has demonstrated the existence of subject matter jurisdiction.

The Court declines to hold it has subject matter jurisdiction over this action when no party involved in this case is asserting it, and Gari has asserted non-frivolous challenges to its existence. Because the burden of proving subject matter jurisdiction remains unsatisfied, the Court is of the opinion it properly granted Plaintiff's Motion to Dismiss and dismissed this case without prejudice for lack of subject matter jurisdiction.

The Court notes Plaintiff misconstrued the Court's rulings in his filings. In Plaintiff's Motion to Dismiss and his response to Gari's Motion to Reconsider, he implies the Court held he is unable to satisfy the amount in controversy requirement for federal diversity subject matter

jurisdiction through nominal and punitive damages alone.  *See* ECF Nos. 51 at 1-2, 57 at 2.  The Court has made no ruling in this case regarding the issue of whether the amount in controversy requirement can be satisfied solely by nominal and punitive damages.  Nevertheless, the Court declines to investigate the reasoning behind Plaintiff's concession he is no longer claiming there is subject matter jurisdiction; the fact remains no party involved in this litigation is claiming the Court has subject matter jurisdiction.

In light of the fact no party is asserting there is subject matter jurisdiction, Gari has failed to show the Court's disposition of this matter constitutes a clear error of law or manifest injustice, and the Court is convinced granting Plaintiff's Motion to Dismiss and dismissing the case without prejudice was the proper course.  Accordingly, the Court will deny Gari's Motion to Reconsider.

The Court will also deny Gari's request to impose sanctions on Plaintiff and his attorneys.  Although the procedural history of this case is unusual, the Court is unable to say with certainty Plaintiff or his attorneys have pursued this action in bad faith, and the Court therefore declines to take the extraordinary step of imposing sanctions on Plaintiff or his attorneys.

Because the above holdings are dispositive of Gari's Motion to Reconsider, the Court abstains from considering Gari's and Plaintiff's remaining arguments.  *Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

## VI. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Gari's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Signed this 23rd day of May 2017 in Columbia, South Carolina.

                                            s/Mary Geiger Lewis
                                            MARY GEIGER LEWIS
                                            UNITED STATES DISTRICT JUDGE